DANIEL C. MAROTTA (DM 2581)
GABOR & MAROTTA, LLC
1878 Victory Boulevard
Staten Island, NY 10314
Tel: (718) 390-0555

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------
EMI ENTERTAINMENT WORLD, INC.

       Plaintiff,

       v.                          Case No.: 05 CV 390 (CSH)

KAREN RECORDS, INC., KAREN
PUBLISHING INC., BIENVENIDO      DECLARATION
RODRIGUEZ, ISABEL RODRIGUEZ,
and FIDEL HERNANDEZ,

       Defendants.
-----------------------------------------------------------

       Daniel C. Marotta, an attorney duly admitted to practice before this Court, hereby declares the following under the penalties of perjury:

1.    I am a partner of the law firm of Gabor and Marotta LLC, the attorneys for the individual Defendants, **Bienvenido Rodriguez** and **Fidel Hernandez**, and as such, I make this Declaration upon information and belief based upon a review of the file maintained in my office.

2.    I submit this Declaration in opposition to Plaintiff's motion for summary judgment as a matter of law, as there are issues of fact regarding the Plaintiff's purported termination of any license at issue in this litigation, and whether there has been any act of infringement alleged which falls within the statute of limitations for copyright infringement.

1

3. Contrary to Plaintiff's allegations, the individual defendant has been informed at all times that all mechanical licenses for each composition at issue were lawfully obtained. All defendants have been operating under the understanding since 2001 that all licenses were existing and in effect, except for certain expired licenses which were the subject of termination notices sent by the Harry Fox Agency ("HFA") in 1997 and again in 2000. These issues of fact require denial of the Plaintiff's motion.

4. Moreover, there is no basis for a finding of willfulness as against the individual defendants.

5. The Plaintiff has agreed to discontinue the action as against the individual defendant Fidel Hernandez, which has been so-ordered by Honorable James C. Francis IV on March 27, 2008.

6. Attached as Exhibit "A" are true and accurate copies of excerpts taken from the deposition transcript of Isabel Rodriguez, on May 21, 2007 ("Isabel Tr.").

7. Attached as Exhibit "B" are true and accurate copies of excerpts taken from the deposition transcript of Bienvenido Rodriguez, on May 22, 2007 ("Bienvenido Tr.").

8. Attached as Exhibit "C" are true and accurate copies of excerpts taken from the deposition transcript of Fidel Hernandez, on August 29, 2007 ("Hernandez Tr.").

9. Attached as Exhibit "D" are true and accurate copies of excerpts taken from the deposition transcript of Bienvenido Rodriguez, on February 1, 2001 in connection with a previous litigation involving the parties hereto (the "EMI/Peer" litigation).

10. Attached as Exhibit "E" is an email letter from BMG to HFA dated July 24, 2002.

11. The Plaintiff's attorneys state that on June 30, 2003 and July 2, 2003, compact discs of "Bomba 2000", "Grandes Exitos de Alex Bueno en Bachata" and "Mas Romantico" were purchased at three retail locations. This is the only evidence of any specific act of infringement alleged.

12. I attempted to contact each location by telephone, but each number was out of service, and it is believed each of these retailers are no longer in business.

13. The Plaintiff also alleges that Harry Fox Agency ("HFA") acting of Plaintiff's behalf, terminated the license to manufacture records embodying musical compositions controlled by the Plaintiff (known as a "mechanical license"). Plaintiff submits the Declaration of Christos Badavas, Esq., Senior Counsel to HFA, in support of its motion.

14. However, the Plaintiff submits absolutely no evidence as to the date of manufacturing of these phonorecords, or even the last date of distribution. Subsequent retail sales are irrelevant to the analysis and do not create or revive causes of action for copyright infringement.

15. These record albums are out of print, and the fact that there may be miscellaneous copies still available for resale even today has no relevance to any purported claim for copyright infringement herein. The only issue is whether the corporate defendants had the right to manufacture and distribute the records containing the subject compositions at the time of manufacturing, and whether that manufacturing or distribution occurred within 3 years of the filing of the Plaintiff's complaint.

16. The individual Defendant Bienvenido Rodriquez was unaware of any purported termination of mechanical licenses by Plaintiff, and was informed at all times that licenses were in effect. Bienvenido Tr. 91.

17. Bienvenido Rodriguez was the music producer; he did not manage the day to day affairs of the business. Bienvenido Tr. 24; 22.

18. Regardless of whether Plaintiff terminated licenses, it is uncontrovertible that the corporate defendants at one time had a mechanical license to manufacture records containing one or more compositions at issue herein.

19. Moreover, I personally negotiated the EMI/Peer settlement in April 2001 which resolved the previous litigation between the parties hereto. EMI gave a release in connection with that settlement, and I advised the defendants at that time that all outstanding EMI claims were resolved.

20. I was unaware of any concern regarding the licenses previously terminated under the 1997 audit and revocation notice sent by HFA, since those licenses were for older compositions released in the 1990's and for which the statute of limitations had expired. I understood at the time that there were discussions to resolve these stale claims on a business basis with HFA, but I was never informed that there was a "total hold" on all licenses.

21. Certainly I was unaware of any viable copyright infringement claim by plaintiff EMI in 2001 when the litigation between the parties was settled, or I would have advised Mr. Rodriquez with respect to same. It does not surprise me that the Plaintiff does not provide an affidavit in support of the motion. Exhibit E attached hereto, which was provided by Plaintiff's attorneys, demonstrates that at least one other publisher was as surprised to learn that in 2002 there was a "hold" on Karen accounts.

22. There is no factual basis upon which to assert that Bienvenido Rodriquez or Isabel Rodriquez, or any of the defendants, had constructive notice of any alleged copyright infringement pertaining to the subject compositions, at least until the October 2004 letter purportedly sent by HFA.

23. Leon Bornstein, Esq. one of the Defendants' attorneys who consulted Karen during 2001 in connection with the 1997 audit claims, informed me during the course of this litigation that the stale audit claims by the Plaintiff were abandoned. He stated that HFA's attorneys never contacted him after rejecting his offer, and he believed they dropped their claims. This was not surprising, as these audit claims were clearly time barred, Karen had made all payments under the EMI/Peer settlement, and apparently HFA retained new attorneys.

24. Universal Records was the distributor for all of Karen's products. At no time has Universal Records been subpoenaed in this case. Unlike the EMI/Peer litigation, there is nothing in the record here that demonstrates any evidence of manufacturing or distribution within three (3) years of the filing of the Complaint. See Badavas Decl. Exhibit Z at p.2, III, VI.

25. The EMI/Peer Agreement clarifies that eight (8) of eighteen (18) songs which had been the subject of a (1997) Revocation Notice were the only songs still in use by Karen at that time in 2001. As stated above, licenses for the other songs were abandoned at that time.

26. All payments in connection with the EMI/Peer Agreement were made through January 10, 2002 as provided in the agreement.

27. Plaintiff never had a valid claim for any indebtedness, and there was no "hold" placed on all of Defendants' licenses of which we were aware.

28. The EMIPeer settlement addressed all legitimate copyright infringement claims EMI had at that time, and the agreement included a mutual release. See Badavas Decl. Exhibit Z at p.6.

29. If there were other outstanding EMI claims, these would have been asserted at that time, since three out of four compositions at issue here were already released by Karen.

30.     It is respectfully requested that Plaintiff's Motion for Summary Judgment be denied in its entirety, as there are numerous issues of fact to be determined.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on this 17th day of April, 2008 at Staten Island, New York.

_____
DANIEL C. MAROTTA (DM 2581)