UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------x
                                          :
EMI ENTERTAINMENT WORLD, INC.,            :        05 CV 390 (RJH)(JCV)
                                          :
            Plaintiff,                    :
                                          :
      v.                                  :        MEMORANDUM OPINION
                                          :           AND ORDER
                                          :
KAREN RECORDS, INC., KAREN                :
PUBLISHING INC., BIENVENIDO              :
RODRIGUEZ, ISABEL RODRIGUEZ AND          :
FIDEL HERNANDEZ,                         :
                                          :
            Defendants.                   :
                                          :
------------------------------------------------------------x
```

By motion filed April 25, 2009 [94], defendants Karen Records, Inc., Karen Publishing, Inc., and Isabel Rodriguez ("Karen" or "defendants") request reconsideration pursuant to Local Civil Rule 6.3 of the Court's Memorandum Opinion and Order issued March 30, 2009 [90] ("Opinion") granting in part and denying in part the parties' motions and cross motions for summary judgment. The request focuses on the Opinion's determination that Karen's licenses to certain songs were terminated by Harry Fox Agency's ("HFA") October 26, 2004 Termination Letter ("Termination Letter").

The background facts are set forth in detail in the Opinion, familiarity with which is presumed. The Court held that Karen acquired a license to three songs prior to October, 2004, but determined that the license was terminated as a result of HFA's Termination Letter. The letter was written to inform Karen that it was in default with respect to licensing obligations listed in an attached schedule, and stated that "[the licenses] will be automatically terminated if

Karen does not fully remedy its default within thirty (30) days of the date of this notice." Reviewing the record the Court stated that "there is no evidence that Karen remedied the defaults," (Opinion 9), and later that "there is no evidence that Karen attempted to cure its defaults," (Opinion 13), and ultimately determined that a termination was effected on November 26, 2004, thirty days after the issuance of the letter. The basis of Karen's motion for reconsideration is the statement in plaintiff's submissions that "Karen did not resume royalty reports or payments until November 2004 when it submitted payment and reports for four quarters…" (Badavas Decl. 03/14/2008 ¶ 54.) Karen contends that the Court overlooked this evidence.

Local Civil Rule 6.3 provides that a party may submit a motion for reconsideration "setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked." Loc. Civ. R. 6.3. Reconsideration of a court's previous order "is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *USA Certified Merchs. LLC v. Koebel*, 273 F. Supp. 2d 501, 503 (S.D.N.Y. 2003). "[T]o be entitled to reargument and reconsideration, the movant must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion . . . . [A] party may not 'advance new facts, issues or arguments not previously presented to the Court.'" *Hamilton v. Garlock, Inc.*, 115 F. Supp. 2d 437, 438–39 (S.D.N.Y. 2000) (citing *Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Md.*, 768 F. Supp. 115, 116 (S.D.N.Y. 1991)). Furthermore, a motion for reconsideration "is not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved." *Houbigant, Inc. v. ACB Mercantile* (*In re Houbigant, Inc.*), 914 F. Supp. 997, 1001 (S.D.N.Y. 1996). "The

decision to grant or deny a motion such as the one before the Court is within the sound discretion of the Court." *Davey v. Dolan*, 496 F. Supp. 2d 387, 389 (S.D.N.Y. 2007).

Karen is correct in pointing out that its payment in November 2004 was likely a response to the termination letter, and to that extent the Court erred when it stated that "there was no evidence that Karen even attempted to cure the default." Reconsideration is therefore granted to the extent that the Court held there was no evidence that Karen *attempted* to cure its default.

Nonetheless, as far as the Court's holding is concerned it is of no moment that Karen attempted to cure its default unless it succeeded in doing so, thereby preventing termination of the license. Karen loses on this point because: (1) it raises new arguments in its reconsideration motion that it could have made in its initial briefing, and (2) there was and still is insufficient evidence to conclude that the default had been remedied; indeed all of the evidence is to the contrary.

Karen never argued in its summary judgment papers that the parties negotiated a resolution of Karen's default. Karen asserted only that "[i]n accordance with the Notice of Termination, Karen tendered to HFA an accounting and payment of royalties within thirty days of the notice." (Def.'s Reply 13.) That statement is followed by no citation,[1] and the recital of conclusory allegations unsupported by specific facts is insufficient to withstand a motion for summary judgment. Fed. R. Civ. P. 56(c). Karen's argument on reconsideration goes much further than the summary judgment papers did: "The Plaintiff's November 17, 2004 royalty payments were negotiated and as such, Karen had a good faith basis to believe that its tender of

---

[1] Nor do plaintiff's evidentiary submissions themselves support it. The only mention of November 2004 payments in any of Karen's own evidentiary submissions is the following statement from the Rodriguez declaration: "HFA admits that in response [to the 2004 Termination Notice], Karen attempted to cure, but HFA deposited the Royalty payments into escrow." (Rodriguez Dec. ¶ 42.) That statement merely refers back to plaintiff's submissions. Although Karen now claims that it thought it had remedied its default, its failure to produce any of its own evidence in support thereof—such as internal records or a declaration to that effect—belies that claim.

the Royalty Statements and payments and their acceptance and negotiation by HFA, was evidence that the licenses for the Authorized Songs had not been terminated." (Defendant's Reconsideration Mem. 3.) However a motion for reconsideration "is not an opportunity for a losing party to advance new arguments to supplant those that failed in the prior briefing of the issue." *Murphy v. Allied World Assur. Co.*, 2009 WL 1528527 (S.D.N.Y. 2009) (citing *EEOC v. Fed. Express Corp.*, 268 F.Supp.2d 192, 199 (E.D.N.Y.2003) ("Under Local Rule 6.3, a party may not advance new facts, issues or arguments not previously present to the Court."))

Even had Karen attempted to assert those arguments in its initial papers, it could not have plausibly done so. Karen's assertions (made for the first time in its motion for reconsideration) that the payments "were negotiated" and that "acceptance and negotiation" of the royalty payments were evidence that the licenses had not been terminated are simply not supported by the record. Karen presents no evidence of post-notice negotiations determining that partial payment would prevent termination of the mechanical licenses. And the payments were not "accepted" in a way that implies any acceptance of a compromise by HFA. Instead they were placed into a segregated account and stamped "Without Prejudice to Claims of Underpayment. Endorsement of this Check Shall Not Constitute Acceptance of Any Unlicensed Uses or an Implied License Thereof." (Badavas Dec. ¶ 56.) The *only* evidence produced by either party is the declaration of HFA's Badavas that post-notice payments were inadequate, in that despite making payments for parts of 2003 and 2004, Karen "did not make any royalty payments for the 3rd and 4th Quarters of 2002 and the 1st and 2d Quarters 2003." (Badavas Dec. ¶ 58.) Badavas also affirmed that the amounts actually paid were a fraction of the required statutory fees. (Badavas Dec. ¶ 60.) No reasonable juror would infer that Karen had met its obligations.

Accordingly, the Court's Opinion is amended as described in this Order, and Karen's Motion for Reconsideration [94] is otherwise DENIED.

SO ORDERED.

Dated: New York, New York

January 15 2010

Richard J. Holwell

United States District Judge