UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMI ENTERTAINMENT WORLD, INC.<br><br>  Plaintiff,<br><br>  v.<br><br>KAREN RECORDS, INC., KAREN PUBLISHING INC., BIENVENIDO RODRIGUEZ, ISABEL RODRIGUEZ AND FIDEL HERNANDEZ,<br><br>  Defendants. | Index No. 1:05-cv-00390-RJH<br><br>**DECLARATION OF ROSS CHARAP IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS** |

I, ROSS CHARAP, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct:

1. I am a partner in the law firm of Arent Fox LLP. Before joining Arent Fox in June 2010, I was a partner at Moses & Singer LLP, attorneys for Plaintiff. At Moses & Singer LLP, I was responsible for the prosecution of this action with my then partner, Mitchell D. Bernstein. Unfortunately, Mr. Bernstein passed away in 2009. Accordingly, although I am no longer a member of Moses & Singer LLP, as the lawyer most familiar with the history of this case, I am submitting this declaration in support of Plaintiff's motion for attorney's fees and costs.

2. Preliminarily, I must stress that this is the <u>fourth</u> time music publishers have had to bring suit against these Defendants for failure to obtain the licenses necessary to use copyrighted songs in their sound recordings. Thus, as the Court held, Defendants are <u>willful</u> infringers. As further explained in the accompanying memorandum of law, in such

circumstances, attorney's fees and costs should be awarded to Plaintiff to advance considerations of compensation and deterrence..

3.      From the outset of this action in 2005, Defendants ignored their obligations under the Federal and Local Rules, unreasonably delayed discovery, and generally caused Plaintiff to incur significant additional expense as a result of their conduct.

4.      For example, from 2005 through 2007, Isabel and Bienvenido Rodriguez refused to appear for depositions or to fully comply with Plaintiff's discovery requests, ignoring several orders by Magistrate Judge Francis to do so.  These delays necessitated three revised Scheduling Orders, several motions to compel Ms. Rodriguez to attend her deposition, and a motion to compel discovery.  The motions were all vigorously contested by Defendants.  *See also* the Declaration of Mitchell D. Bernstein, dated March 14, 2008, at ¶¶ 3-12.

5.      During the same period, the parties held at least two settlement conferences, one with the Magistrate Judge, and one with counsel alone.  Neither resulted in settlement.

6.      In March 2008, Plaintiff moved for summary judgment.  Defendants again vigorously contested, and, indeed, cross-moved for summary judgment.

7.      During the briefing of the motions, Defendants, for the first time, produced a purported mechanical license for one of the songs in suit.  Plaintiff had no choice but to request permission to conduct discovery with regard to the alleged license.  Permission was granted and, ultimately, it was determined that the license was not valid.

8.      Thereafter, the case was re-assigned from Judge Haight to this Court.

9.      On March 30, 2009, the Court granted Plaintiff's motion for summary judgment with respect to liability, and requested additional submissions regarding damages.

10. At the same time, Defendants moved for reconsideration of this Court's Order of March 30, 2009, requiring still additional motion practice. Ultimately, the Court denied Defendants' motion for reconsideration.

11. On a parallel track, the parties were briefing the issue of damages. Plaintiff filed a memorandum, several declarations and a reply to defendants' memorandum in opposition.

12. Finally on August 26, 2011, the Court awarded Plaintiff $100,000 in damages and held each of the Defendants (excluding Fidel Hernandez) jointly and severally liable for the damages award. However, Defendants have now noticed their appeal to the United States Court of Appeals for the Second Circuit, requiring the expenditure of still further legal fees by Plaintiff.

13. The record in this case demonstrates that the Defendants are serial copyright infringers who have shown no respect for the rights of others although they themselves own hundreds, if not thousands of copyrights. With the statutory award, Plaintiff is entitled to receive an award of all the attorney's fees and costs requested to serve the law's twin purposes of compensating copyright owners for past infringement and deterring future infringement.

Dated: New York, New York
October 3, 2011

    /s/ Ross Charap_____
ROSS J. CHARAP
Arent Fox LLP
1675 Broadway
New York, NY 10019
Telephone: (212) 457-5424