UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

EMI ENTERTAINMENT WORLD, INC.

                      Plaintiff,                      Civ. No.  05 -CV-00390

-against-

1.  KAREN RECORDS, INC.
2.  KAREN PUBLISHING, INC.
3. BIENVENIDO RODRIGUEZ
4. ISABEL RODRIGUEZ
5. FIDEL HERNANDEZ
                      Defendants.
-------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION  TO SET ASIDE JUDGMENT UNDER Fed. R. Civ. P 60(b) and FOR AN ORDER ENJOINING ENFORCEMENT OF THE JUDGMENT OPENDING DISPOSITION OF THIS MOTION UNDER Fed. R. Civ P. 62(b)**

      Defendants Karen Records, Inc, Karen Publishing, Inc., Bienvenido Rodriguez and Isabel Rodriguez ("Defendants") respectfully submit this Memorandum of Law in support of its motion for an order pursuant to Fed. R. Civ. P. 60(b)(1), (3) and (4) setting aside the judgment entered in this matter on August 31st, 2012, for an order dismissing this action for lack of jurisdiction, and for an order pursuant to Fed. R. Civ. P. 62(b) staying enforcement of the judgment pending disposition of this motion, and for such other relief as is just.

      As described in the accompanying declaration of Neil J. Saltzman and the exhibits thereto Plaintiff has no ownership interest in the copyrights over which it has sued, which appear to in actuality be owned by unrelated entities. The materials from which it can be seen that Plaintiff does not have the requisite standing to proceed were before the Court at the time that it issued its

judgment in this matter. Statements made by Plaintiff in its Rule 56.1 Statement in relation to its standing appear to have been inaccurate.

Rule 60(b)(1)- Mistake, Inadvertence, Surprise or Excusable Neglect

1. Rule 60(b)(1) allows the court to relieve parties form the effects of a judgment where it has been the result of mistake, inadvertence, surprise or excusable neglect. This motion is timely as it is made within a year of entry of judgment, and after the undersigned moved expeditiously to obtain clarification from Plaintiff upon discovery of the issue described above (FRCP 60(c)(1)). It is also within the time for appeal.

2. Federal courts throughout the United States have called for Rule 60 (b) to be liberally construed so as to promote the court's fundamental goal of its judgments doing substantial justice rather than becoming a vehicle for injustice (*MIF Realty L.P. v. Rochester Associates*, C.A.8 (Minn.) 1996, 92 F.3d 752). Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments and "should be broadly construed to do substantial justice" (*Nemaizer v. Baker,* 793 F.2d 58, 61 (2d Cir.1986)).

3. Rule 60(b)(1) "affords a party relief from a material mistake that changed the outcome of the court's judgment." (*In re Carlton Concrete Corp.,* 2008 WL 4443233, at *5 (E.D.N.Y. Sept. 26, 2008) (internal citations omitted)). For purposes of FRCP 60(b)(1), "mistake" encompasses situations such as where a party alleges a mistake of fact or law by the court in reaching its decision (*ibid*; *Pasquino v. Lev Parkview Developers, LLC*, Not Reported in F.Supp.2d, 2011 WL 4502205 (S.D.N.Y.)).

4. In this particular case, Plaintiff's standing and ownership interests in the copyrights it sued over was never analyzed by the court and in fact no clear determination of Plaintiff's interest in the copyrights was made by the court in either its partial summary judgment in *EMI Entm't World Inc v. Karen Records, Inc.*, 603 F. Supp. 2d 759 (S.D.N.Y. 2009) or in its memorandum and decision of August 24th, 2011 (Document 110), or at any other time. This issue of Plaintiff's standing has not been "carefully analyzed and justifiably disposed" by the court and it is therefore a viable basis for relief under Rule 60(b) (See *In re Bulk Oil (USA) Inc.,* Nos. 93 Civ. 4492, 4494(PKL), 2007 WL 1121739, (S.D.N.Y. Apr. 11, 2007).

5. The documents showing that Plaintiff does not have an interest in the copyrights it sued over are in the record as they were annexed as Exhibits G, H, I and J to Plaintiff's Document 57. Plaintiff's Rule 56.1 Statement which fails to substantiate Plaintiff's interest in this action was also before the Court at the time it made its decisions.

6. This Court's jurisdiction to address claims of copyright infringement is based on Article III of the US Constitution. The claim that a party lacks Article III standing is an attack on a court's subject matter jurisdiction over that party (*Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534, 541-42). In order to establish jurisdiction the Plaintiff must establish that he has a "personal stake" in the outcome of the litigation "and that the alleged injury suffered is particularized as to him" (*Raines v. Byrd,* 521 U.S. 811, 819, 117 S.Ct. 2312, 138 L.Ed.2d 849 (1997)). Injury to a cognizable interest is not sufficient. The party seeking review must himself actually be among the injured (*Lujan v. Defenders*

*of Wildlife,* 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (quoting *Sierra Club v. Morton,* 405 U.S. 727, 734-35, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972)).

7. The issue of standing is one that the Court has the authority, indeed the obligation, to raise *sua sponte* ("The subject of standing is not subject to waiver, however. '[W]e are required to address the issue even if the courts below have not passed on it, and even if the parties fail to raise the issue before us. The federal courts are under an independent obligation to examine their own jurisdiction, and standing 'is perhaps the most important of [the jurisdictional] doctrines.'" *United States v. Hays* 515 U.S. 737 (1995), quoting *FW/PBS, Inc.* v. *Dallas,* 493 U. S. 215, 230-231 (1990)). Lack of standing is therefore a lack of jurisdiction, and requires dismissal of the action.

8. Had the court concluded Plaintiff did not actually have an ownership interest in the copyrights over which it sued and therefore had no standing to assert its claims, the outcome of the judgment would certainly have been different: the complaint would have been dismissed for lack of jurisdiction. As noted, this issue has not been "carefully analyzed and justifiably disposed" by the Court. However the evidence that was before the court does indicate that Plaintiff did not in fact have standing to pursue its claims. A Rule 60(b) disposition is the most efficient and reasonable manner of addressing this issue now *(Pasquino v. Lev Parkview Developers, LLC*, Not Reported in F.Supp.2d, 2011 WL 4502205 (S.D.N.Y.) and citations there). As Defendants did file a timely notice of appeal, and in fact the appeal is stayed and subject to amendment pending further proceedings by this court, the timeliness and procedural appropriateness of this Rule 60(b) motion is even more pronounced. Plaintiff has not moved for the joinder of any

necessary parties in accordance with Fed R. Civ. P. 17 despite the passage of more than 4 months since this issue was brought to the attention of Plaintiff's counsel. For this reason too the action should be dismissed.

9. Allowing Plaintiff to retain a judgment for $100,000 where it has no interest in the subject matter of the litigation and no standing to prosecute it would be entirely unjust and is a result the Court should not allow to stand. The judgment should be set aside and the complaint should be dismissed due to Plaintiff's lack of standing.

Rule 60(b)(3)- Misrepresentation

10. Plaintiff asserted in its Rule 56.1 Statement that it is "the corporate parent of three wholly owned music publishers (EMI Blackwood Music; EMI Melograf and EMI April Music) that own or control all or part of the four musical compositions at issue in this lawsuit". However, it does not appear to be true that the named companies do own or control the compositions. Rather the companies and individuals listed above in paragraph 6 appear to own the compositions while the named companies are at most authorized to receive communications on their behalf. Authorization to receive communications on behalf of another entity does not translate into an ownership interest. Plaintiff's misstatement of fact translates into a misrepresentation that goes to the root of its standing in this action.

11. In addition, even if the entities named in Plaintiff's Rule 56.1 statement do own or control the compositions (something no proof of has been provided up until now) and even if those entities are wholly owned by EMI Entertainment World Inc. they had to have been named as necessary parties according to Fed R. Civ. P. 17 in order for this

action to proceed- something which has not been done up until today despite the fact that 4 months have gone by since Plaintiff's counsel was alerted to this issue. At this point the Plaintiff's claim cannot be salvaged by the late addition of additional parties. Accordingly, the judgment should be set aside on this basis as well.

Fed. R. Civ. P. 60(b)(4)- The judgment is void

12. As argued above in paragraphs 6 and 7 of this Memorandum, this Court's jurisdiction to address claims of copyright infringement is based on Article III of the US Constitution. A claim that a party lacks Article III standing is an attack on a court's subject matter jurisdiction (*Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534, 541-42). Plaintiff has not established that it meets the standing requirements which enable it t prosecute this claim (*Raines v. Byrd,* 521 U.S. 811, 819, 117 S.Ct. 2312, 138 L.Ed.2d 849 (1997)). (*Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (quoting *Sierra Club v. Morton,* 405 U.S. 727, 734-35, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972)).

13. The subject of standing goes to the heart of the Court's jurisdiction, it cannot be waived, and the Court has the obligation to raise it, *sua sponte* if necessary (*United States v. Hays* 515 U.S. 737 (1995), and citations there.

14. Plaintiff's lack of standing equates to a lack of this Court's jurisdiction to entertain the claim, which necessarily means that the judgment issued in this matter is void and should be set aside pursuant to Rule 60(b)(4) (Judgment for plaintiff in a patent-infringement action was void, warranting relief from judgment under Rule 60(b)(4) due to plaintiff's assignment of the patent to a subsidiary. Due to Plaintiff's resultant lack of interest in the subject matter of the litigation the court exceeded its authority when it

rendered judgment. *Schreiber Foods, Inc. v. Beatrice Cheese, Inc.* 305 F.Supp.2d 939 E.D.Wis., 2004; affirmed but reversed in part on other grounds *Schreiber Foods, Inc. v. Beatrice Cheese*, Inc**.** C.A. Fed 2005, 402 F.3d 1198, and cited by this court in *Geliman, S.A. v. Design Ideas, Ltd*. Not Reported in F.Supp.2d, 2008 WL 5636328 S.D.N.Y., 2008 for the principle that lack of standing deems the case moot and requires its dismissal; See also *Paradise Creations, Inc. v. U V Sales, Inc.,* 315 F.3d 1304, 1309 (Fed.Cir.2003), *Gaia Techs., Inc. v. Reconversion Techs., Inc.,* 93 F.3d 774, 780 (Fed.Cir.1996) both of which confirm that dismissal of a suit for patent infringement is the necessary result where Plaintiff lacks standing.)

15. In this case, by all indications, Plaintiff lacks standing, the court lacks jurisdiction, the action is moot, the judgment is void, and the necessary result is dismissal.

Stay of Enforcement Pending Resolution of this Motion

16. In light of the substantive and unequivocal nature of relief sought in this motion, which goes to the very root and entitlement of Plaintiff to any of the relief it has been awarded, Defendants invoke Fed. R. Civ. P. 62(b) and ask the court to stay enforcement of the judgment issued pending final resolution of this motion.

WHEREFORE, Defendants respectfully ask that their motion be granted in its entirety.

Dated: August 15th, 2012
Forest Hills, New York                    Respectfully Submitted,

_/S/_ Neil J. Saltzman_
Neil J. Saltzman, Esq.
Attorney for Defendants 1-4
71-01 Austin Street, Suite 203
Forest Hills, NY 11375
Tel.: (718) 696- 8165
Fax: (212) 658- 9724
e-mail: neilsaltzman@live.com