N E I L  J . S A L T Z M A N ,  E S Q .

N E W   Y O R K        *        I S R A E L

September 7th, 2012

Hon. Loretta A. Preska
United States District Judge                     E- Filed.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

RE: 05-cv 390 *EMI Entertainment, Inc. v. Karen Records, Inc. et al*

Dear Judge Preska,

  I represent defendants Karen Records, Inc., Karen Publishing, Inc., Isabel Hernandez and Bienvenido Hernandez in this action. This letter is written as a supplementary submission in further support of Defendants' motion under FRCP 60(b) (1), (3) and (4), and pursuant to the parties' telephone conference with your honor held on August 22nd, 2012.

  The following facts appear to be uncontroverted:

(a) Plaintiff does not claim to have any ownership of the copyrights at issue in this lawsuit. Rather, Plaintiff claims that certain identified wholly owned subsidiaries "own or control" the copyrights sued over (Document 53 at ¶1).
(b) None of the "wholly owned subsidiaries" Plaintiff contends actually own the copyrights were named as parties to this lawsuit.
(c) An examination of the copyright registration documents annexed to Plaintiff's papers in this case (Exhibits G, H, I and J to Document 57) confirms that Plaintiff has no direct ownership interest in any of the four copyrights sued over.
(d) An examination of the copyright registration documents also reveals that only one of the four copyrights sued over (*Fuiste Mia Un Verano*) is owned in whole or in part by any of the allegedly "wholly owned subsidiaries", and Plaintiff appears not to have any connection to the other three copyrights at all.

  During the telephone conference which took place on August 22nd, 2012, the court asked the moving Defendants to focus on the following questions and to address them in a supplementary submission: (1) Does a Plaintiff which has no direct ownership of a copyright have standing to sue for infringement of a copyright which its wholly owned subsidiary owns? (2) Was it necessary for Plaintiff to add the subsidiary and actual copyright owner as a real party in interest and necessary party under FRCP 17 and, if so, what should the consequence of non-joinder be? (3) If a Plaintiff has standing in connection with one cause of action, but not in connection with others, does the court have authority to dismiss those causes of action in connection with which there is no standing, while leaving the one where such standing is found to exist in place, or must it leave all causes of action in place since standing was found in connection with one of them?

71-01 AUSTIN STREET, SUITE 203, FOREST HILLS, NY • 11375
PHONE: 718-696-8165 • FAX : 212-658-9724
E-MAIL: NEILSALTZMAN@LIVE.COM

### A. Does a Plaintiff which has no direct ownership of a copyright have standing to sue for infringement of a copyright which its subsidiary owns?

In this case Plaintiff has not demonstrated, or even claimed, that it has suffered any direct harm as a result of the infringement of the copyrights. In fact, Plaintiff has not even indicated at what point in time it became the owner of its "wholly owned subsidiary" which in turn allegedly owns *Fuiste Mia Un Verano*, and whether this was at the time of the alleged infringement or at some later date. Without an indication that Plaintiff itself has suffered a direct personal harm as a result of the alleged infringement, it cannot legitimately have Article III or prudential standing to pursue the claim. Plaintiff's alleged status as sole owner of the actual victim of the wrong sued over (which is available only in the case of *Fuiste Mia Un Verano*) is not sufficient to grant it standing.

This issue was analyzed in depth in *In re NEURONTIN MARKETING AND SALES PRACTICES LITIGATION* 810 F. Supp. 2d 366. *In re NEUTRONIN* the US District Court for the District of Massachusetts found that a healthcare provider lacked standing to bring suit on behalf of its regionally owned subsidiaries and brought the following in support of its conclusion:

> "Generally, 'a shareholder of a corporation possesses no personal or individual right of action for injury to the corporation, even an injury which reduces the corporation's net worth, because the injury suffered by the shareholder is merely incidental to the injury suffered by the corporation.' *Resolution Trust Corp. v. Fleischer,* 848 F.Supp. 917, 922–23 (D.Kan.1994) (citing *K–B Trucking Co. v. Riss Int'l Corp.,* 763 F.2d 1148, 1154 n. 7 (10th Cir.1985)). This rule is still applicable when the plaintiff is the sole stockholder of the injured corporation. *See, e.g., Canderm Pharmacal, Ltd. v. Elder Pharms., Inc.,* 862 F.2d 597, 603 (6th Cir.1988). More specifically, "[w]rongdoing to a subsidiary does not confer standing upon the parent company, even where the parent is the sole shareholder of the subsidiary." *Tullett Prebon, PLC v. BGC Partners, Inc.,* No. 09–cv–5365–SRC, 2010 WL 2545178, at *4 (D.N.J. June 18, 2010); *see also Aetna U.S. Healthcare, Inc. v. Columbia Cas. Co.,* No. 99–596, 1999 WL 554606, at *3 (E.D.Pa. July 20, 1999) (holding plaintiff company had no standing to bring suit based on harm to wholly owned indirect subsidiary); *Diesel Sys., Ltd. v. Yip Shing Diesel Eng'g Co.,* 861 F.Supp. 179, 181 (E.D.N.Y.1994) (holding that "[a] corporation does not have standing to assert claims belonging to a related corporation, simply because their business is intertwined"); *Site Microsurgical Sys., Inc. v. Cooper Cos., Inc.,* 797 F.Supp. 333, 338–39 (D.Del.1992) (rejecting argument that parent company of subsidiary patent holder had standing to sue for infringement, even though parent argued that it effectively controlled patent and had suffered lost sales of its product as a result of the infringement)."

In this case Plaintiff does not even provide a rationale as to how the injury purportedly suffered by its "wholly owned subsidiary" affected it. Thus it fails to establish Article III standing under the *Lujan* line of cases, and prudential standing as described above.

**B. Was it necessary for Plaintiff to have added the subsidiary and actual copyright owner as a real party in interest and necessary party under FRCP 17?**

FRCP 17 sets forth those situations in which someone may bring suit on behalf of another party. None of the listed situations is relevant in this case. FRCP 17(3) indicates that in a proper case the consequence of failure to join a real party in interest is dismissal. FRCP 19 leads to the same conclusion.

Defendants argue that even in the case of a wholly owned subsidiary, the naming of the subsidiary who actually owns the copyright is necessary because in that person's absence the court cannot accord complete relief among existing parties. The subsidiary that apparently owns the copyright *Fuiste Mia Un Verano* clearly has an interest in the subject matter of the litigation and the court has the responsibility of examining the wrongfulness of Defendants' conduct as to that missing party. Because the ownership of the copyright is at the core of the allegations made in this action, and because a judgment made in the absence of the actual copyright owner prejudices both the missing subsidiary and the defendants, and because there is a threat of duplicative recovery if the actual party in interest in not joined, the consequence on non-joinder of the subsidiary should be dismissal of the action (See *Tullett Prebon, PLC v. BGC Partners, Inc.,* No. 10-3143, 427 Fed. Appx. 236, 2011 WL 1831590 (C.A. 3 (N.J.))). All of this is so even if the Court concludes that Plaintiff has formal standing to pursue the action on behalf of a wholly owned subsidiary.

In accordance with the above, failure to join the "wholly owned subsidiary" as a party requires dismissal of the action.

**C. If a Plaintiff has standing in connection with one cause of action, but not in connection with others, does the court have authority to dismiss those causes of action in connection with which there is no standing, while leaving the one where such standing is found to exist in place, or must it leave all causes of action in place since standing was found in connection with one of them?**

Defendants claim that Plaintiff lacks standing to pursue this case in its entirety. The Court suggested, and asked that Defendants consider, that Plaintiff may have standing in connection with the one copyright that appears to be owned by Plaintiff's purported subsidiary, and that that may be sufficient for the Plaintiff to establish standing in connection with the entire case.

Defendants argue that even if Plaintiff does have standing in connection with the copyright *Fuiste Mia Un Verano*, the Court should still dismiss those causes of action

– 4 –                                        September 7, 2012

which relate to the other three copyrights for lack of standing, and reduce the amount of the judgment accordingly.

In *Mahon v. Ticor Title Ins. Co*. 683 F.3d 59 C.A.2 (Conn.), 2012, the Court of Appeals rejected Plaintiff's claim that standing to sue one defendant endowed Plaintiff to maintain Article III standing against other defendants who caused it no harm. In making this unequivocal finding the Court stated, and brought as support the cited cases, as follows:

> "Mahon, however, fails to explain why a plaintiff's injury resulting from the conduct of one defendant should have any bearing on her Article III standing to sue other defendants, even if they engaged in similar conduct that injured other parties. *Cf. Blum v. Yaretsky,* 457 U.S. 991, 999, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) ("Nor does a plaintiff who has been subject to injurious conduct of one kind possess by virtue of that injury the necessary stake in litigating conduct of another kind, although similar, to which he has not been subject.") (citing *Moose Lodge No. 107 v. Irvis,* 407 U.S. 163, 166–67, 92 S.Ct. 1965, 32 L.Ed.2d 627 (1972)); *see also DaimlerChrysler Corp.,* 547 U.S. at 335, 126 S.Ct. 1854 ("[A] plaintiff must demonstrate standing for each claim [s]he seeks to press....").
> …
> A plaintiff must demonstrate standing for each claim she seeks to press; thus, with respect to each asserted claim, a plaintiff must always have suffered a distinct and palpable injury to herself.
> …
> Charles Alan Wright et al., <u>Federal Practice & Procedure</u> § 3531.9 (3d ed.2011). 'When private rights are involved, it is easy to understand that one person cannot seek to recover on a claim that belongs to someone else.'"

Moreover, it is common, and logical, for the court to dismiss causes of action for lack of standing while leaving those in place where Plaintiff does in fact have standing. See for instance *City of Los Angeles v. Lyons* 461 U.S. 95, 103 S.Ct. 1660, U.S.,1983; *Carver v. City of New York* 621 F.3d 221, C.A.2 (N.Y.),2010. September 23, 2010; *KG Urban Enterprises, LLC v. Patrick*, F.3d , 2012 WL 3104195 C.A.1 (Mass.),2012; *Static Control Components, Inc. v. Lexmark Intern., Inc*. --- F.3d ----, 2012 WL 3765010, C.A.6 (Ky.),2012; *Valley Forge Christian College v. Americans United for Separation* 454 U.S. 464, 102 S.Ct. 752, U.S.Pa.,1982.

In this case also it is reasonable, justified, and mandated for the Court to dismiss those causes of action where there is no standing (a minimum of three of the four copyright claims sued over) while leaving in place that cause of action where the court finds standing, if it finds standing there, and reducing the statutory damages award accordingly.

– 5 –                                                                                                September 7, 2012

                                    Respectfully Submitted,

                                    Neil J. Saltzman, Esq.

Cc:     Jordan Greenberger, Esq. (Fax: 212-377-6042)