Jordan Greenberger, Esq.
MOSES & SINGER LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-1299
Tel: (212) 554-7800 Fax: (212) 554-7700
jgreenberger@mosessinger.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

EMI ENTERTAINMENT WORLD, INC.,

                              Plaintiff,

          v.

KAREN RECORDS, INC., KAREN PUBLISHING
INC., BIENVENIDO RODRIGUEZ, ISABEL
RODRIGUEZ AND FIDEL HERNANDEZ,

                            Defendants.

------------------------------------------------------------ X

Index No. 1:05-cv-00390-LAP

**PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO DEFENDANTS' MOTION TO SET ASIDE AND STAY ENFORCEMENT OF THE
JUDGMENT**

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES..................................................................................................i

I.  PRELIMINARY STATEMENT ................................................................................. 1

II.  RELEVANT FACTS .................................................................................................. 2

III.  ARGUMENT.............................................................................................................. 4

A.  The Doctrine Of Judicial Estoppel Bars Defendants From Now Contesting Plaintiff's Interest In The Works................................................................ 4

B.  Rule 60(b) Does Not Provide Relief ............................................................ 5

1.  There Was No Mistake, Inadvertence, Surprise, Or Excusable Neglect – Rule 60(b)(1) ....................................................................... 6

a.  The Nature Of Plaintiff's Interest Was Alleged In The Complaint ................................................................................ 6

b.  Plaintiff's Interest Was The Subject Of Discovery...................... 7

c.  Plaintiff's Interest Was Undisputed During Summary Judgment.................................................................................. 7

2.  There Was No Fraud, Misrepresentation Or Misconduct – Rule 60(b)(3) ....................................................................................... 9

3.  The Judgment Is Not Void – Rule 60(b)(4) ......................................... 10

a.  The Court Has Original Jurisdiction Over Copyright Cases ....... 11

b.  The Court Is Not Divested Of Jurisdiction If Plaintiff Is Not A Proper Party........................................................................ 11

c.  Rule 17(a)(3) Provides Less Drastic Remedies Than Vacating The Judgment, And Here The Claimants Ratify Plaintiff's Acts ...................................................................... 12

4.  The Motion Is Untimely – Rule 60(c)................................................. 13

C.  Even If Defendants Had Rule 60(b) Grounds, They Lack A Meritorious Claim .................................................................................................... 15

D.  Defendants Are Not Entitled To A Stay Without A Bond, Which They Have Not Posted................................................................................... 15

IV.  CONCLUSION................................................................................................... 16

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

## CASES

*Alvarado v. Manhattan Worker Career Center*,
  2003 WL 22462032 (S.D.N.Y. Oct. 30, 2003) .................................................................. 15

*Babigian v. Association of the Bar of the City of New York*, 144 F.R.D. 30 (S.D.N.Y.
  1992) ................................................................................................................................... 6

*Christian v. All Persons Claiming any Right, Title, or Interest in all Properties Known
  and Described*, 962 F. Supp. 676 (D. Virgin Islands 1997) ............................................. 15

*Clarkson Co., Ltd. v. Shaheen*,
  544 F.2d 624 (2d Cir. 1976) ............................................................................................... 9

*Cobos v. Adelphi University*,
  179 F.R.D. 381 (E.D.N.Y. 1998) ..................................................................................... 6, 9

*Dal Intern. Trading Co. v. Sword Line, Inc.*,
  286 F.2d 523 (2d Cir. 1961) ............................................................................................... 8

*Days Inns Worldwide, Inc. v. Patel*,
  445 F.3d 899 (6th Cir. 2006) ............................................................................................. 14

*Emigra Group, LLC v. Fragomen, Del Rey, Berensen & Loewy, LLP*,
  612 F. Supp. 2d 330 (S.D.N.Y. 2009) ................................................................................ 8

*EW v. New York Blood Center*,
  213 F.R.D. 108 (E.D.N.Y. 2003) ...................................................................................... 11

*Ezagui v. City of N.Y.*,
  726 F. Supp. 2d 275 (S.D.N.Y. 2010) ................................................................................ 8

*Frankel v. ICD Holdings S.A.*,
  168 F.R.D. 19 (S.D.N.Y. 1996) ........................................................................................ 16

*Gonzalez v. Gannett Satellite Information Network, Inc.*,
  903 F. Supp. 329 (N.D.N.Y. 1995) .................................................................................... 9

*In re Neurontin Marketing and Sales Practices Litigation*,
  810 F. Supp. 2d 366 (D. Mass. 2011) .............................................................................. 12

*Int'l Wood Processors v. Power Dry, Inc.*,
  102 F.R.D. 212 (S.D.N.Y. 1984) ...................................................................................... 16

*Intellivision v. Microsoft Corp.*,
  784 F.Supp.2d 356 (S.D.N.Y. 2011), *aff'd* 2012 WL 2086297 (2d Cir. June 11, 2012) ..... 4, 5

*Limon v. Double Eagle Marine, L.L.C.*,
    771 F. Supp. 2d 672 (S.D. Tex. 2011) .................................................................. 14

*Lincoln Property Co. v. Roche*,
    546 U.S. 81, 126 S. Ct. 606 (2005) ...................................................................... 11

*Long v. Carberry*,
    151 F.R.D. 240 (S.D.N.Y. 1993) ............................................................................ 8

*Motta v Resource Shipping & Enterprises Co.*,
    499 F. Supp. 1365 (S.D.N.Y. 1980) ..................................................................... 13

*Nemaizer v. Baker*,
    793 F.2d 58 (2d Cir. 1986) ..........................................................................5, 8, 11

*Oscar Gruss & Son, Inc. v. Hollander*,
    337 F.3d 186 (2d Cir. 2003) ................................................................................ 11

*Schildhaus v. Moe*,
    335 F.2d 529 (2d Cir. 1964) ................................................................................ 14

*Sorbo v. United Parcel Service*,
    432 F.3d 1169 (10th Cir 2005) ........................................................................... 14

*Tucker v. Banknorth, NA*,
    333 F. Supp. 2d 50 (E.D.N.Y. 2004) ..................................................................... 9

*United Student Aid Funds, Inc. v. Espinosa*,
    559 U.S. __, 130 S. Ct. 1367 (2010) ...............................................................10, 11

*Weinreich v. Sandhaus*,
    156 F.R.D. 60 (S.D.N.Y. 1994) ............................................................................. 9

*Wells Fargo Northwest Bank, Nat'l. Ass'n. v. Varig-S.A.*,
    2003 WL 21508341 (S.D.N.Y. June 27, 2003) .................................................... 13

## STATUTES & RULES

28 U.S.C. § 1331 .................................................................................................... 11

28 U.S.C. § 1332 .................................................................................................... 11

28 U.S.C. § 1338(a) ................................................................................................ 11

Fed. R. Civ. P. 17 ...........................................................................................11, 12, 13

Fed R. Civ. P. 19 .................................................................................................... 11

Fed. R. Civ. P. 21 ................................................................................................ 12

Fed. R. Civ. P. 59 ................................................................................................ 15

Fed R. Civ. P. 60(b) ..................................................................................... *passim*

Fed. R. Civ. P. 62(b) ...................................................................................... 1, 15

Local Civil Rule 56.1(c) ......................................................................................... 7

**OTHER AUTHORITIES**

11 Wright & Miller, Fed. Prac. & Proc. Civ., § 2858 (2d ed.) ................................ 6, 9

11 Wright & Miller, Fed. Prac. & Proc. Civ., § 2860 (2d ed.) ................................... 10

11 Wright & Miller, Fed. Prac. & Proc. Civ., § 2862 (2d ed.) ................................... 10

Plaintiff/judgment-creditor, EMI Entertainment World, Inc. ("Plaintiff" or "EMI"), by its attorneys, Moses & Singer LLP, respectfully submits this memorandum in opposition to the motion of defendants/judgment-debtors Karen Records, Inc., Karen Publishing, Inc., Beinvenido Rodriguez and Isabel Rodriguez (collectively, "Defendants"), for an Order: (a) setting aside the $100,000 judgment, pursuant to Fed. R. Civ. P. 60(b)(1), (3) and (4); (b) dismissing the action for lack of jurisdiction; and, (c) staying enforcement of the judgment pending disposition of this motion, pursuant to Fed. R. Civ. P. 62(b).  For the reasons explained below and in the accompanying declarations, Defendants' motion should be denied in whole.

## I.    **PRELIMINARY STATEMENT**

This is a copyright infringement action in which a $100,000 judgment was entered against Defendants, jointly and severally, on August 31, 2011 (the "Judgment"), based on their willful copyright infringement of four compositions.  Declaration of Jordan Greenberger (the "Greenberger Decl."), Exs. 1-2.[1]

Defendants now move to vacate the Judgment (almost one year after entry of the Judgment) because Defendants' new counsel observed that Plaintiff is the corporate parent of the copyright claimants named on the registration certificates of the four musical compositions at issue and not the copyright claimant itself, even though Defendants admitted that Plaintiff controlled these musical compositions in the motions for summary judgment.  Resolution of this motion should not result in undoing six years of litigation – in which Plaintiff's copyright

---

[1]     The judgment also was domesticated in Florida in December 2011, and a Florida state-wide judgment lien on personal property was entered in February 2012.  *See* case number 11-034565-CA-13 in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida; and Judgment Lien Certificate J12000078066 (Greenberger Decl., Ex. 4). Plaintiff has attempted to enforce the judgment, but the full amount remains due and unpaid.

interest was not an issue – or alter the Court's findings that Defendants willfully infringed the copyrights at issue and are jointly and severally liable therefore.

Moreover, as stated in the accompanying declarations, to the extent Plaintiff does not have an ownership and/or controlling interest in the compositions, Plaintiff was and is authorized to act on the copyright claimant's behalf in relation to this lawsuit and the Judgment. The copyright claimants ratify Plaintiff's acts in relation to this lawsuit and the Judgment, and the copyright claimants will not separately enforce any of their rights and interest in the compositions that were already litigated and that are the subject of the Judgment.[2]

## II.   RELEVANT FACTS

In resolving the motions for summary judgment, the Court found that Defendants are willful copyright infringers of four compositions owned or controlled by Plaintiff. Greenberger Decl., Ex. 2. Plaintiff has attempted to enforce the Judgment, but has not collected a single dollar.[3]

The sole basis of Defendants' motion is that Plaintiff is not the registered copyright claimant for the four compositions at issue. The four compositions, and their registered copyright claimants, are:

---

[2]    Concurrent with the filing of this memorandum, Plaintiff is timely filing declarations executed by officers of three of the four copyright claimants (Melograf, SA, Edicoes Musicais Tapajos Ltda., and Ego Musical SA). Plaintiff has not yet received a signed declaration from the fourth copyright claimant (Ediciones Musicales Hispanas, SA), but Plaintiff expects to receive – and then promptly file – such a declaration soon. Plaintiff respectfully requests that the Court consider that declaration in addition to the declarations timely filed with this memorandum.

[3]    Plaintiff also moved for an award of its attorney's fees. The motion is still pending. Defendants' appeal is stayed pending a determination of the motion.

| Work | Copyright Claimant |
|------|--------------------|
| *Cuando Acaba El Placer* | Edicoes Musicais Tapajos, Ltda., Sergio Caetano publishing designee |
| *Fuiste Mia Un Verano* | EMI Melograf, SA |
| *La Colegiala* | Ediciones Musicales Hispanas, SA |
| *Corazon Partio* | Ego Musical, SA |

Copies of the Certificates of Registration (and printouts from the Copyright Office website) are Exhibit 3 to the Greenberger Decl.  Notably, the Certificate of Registration for each of the compositions indicates that: (i) the registration fee was charged to the account of EMI Music Publishing, EMI Blackwood Music Inc., or EMI April Music Inc. (*see* section 7 of each certificate); (ii) each application was signed for by an "authorized agent of" the copyright claimant (*see* section 8 of each certificate); and (iii) the certificate was to be mailed to EMI Music Publishing.

In addition, Defendants admitted that Plaintiff has a copyright interest in the works in the summary judgment motions.  Paragraph 1 of Plaintiff's Local Rule 56.1 Statement stated: "EMI is the corporate parent of three wholly-owned music publishers (EMI Blackwood Music; EMI Melograf and EMI April Music) that own or control all or part of the four musical compositions at issue…"  Greenberger Decl., Ex. 8.  Defendant Bienvenido Rodriguez's responded to Plaintiff's Local Rule 56.1 Statement by stating: "No objection to extent known…"  The other Defendants' responded to Plaintiff's Local Rule 56.1 Statement by stating: "This paragraph is not disputed."  Greenberger Decl., Ex. 9.  Defendants also affirmatively stated this as undisputed fact in their own summary judgment motions.  Greenberger Decl., Exs. 10-11.

Lastly, Plaintiff is submitting with this memorandum declarations made by certain directors of the copyright claimants.  In those declarations, the copyright claimants state that: (i)

3

to the extent Plaintiff does not have an ownership and/or controlling interest in the compositions, Plaintiff was and is authorized to act on the copyright claimant's behalf in relation to this lawsuit and the Judgment; (ii) Plaintiff's acts in relation to this lawsuit and the Judgment are ratified by the claimants; and (iii) the copyright claimants will not separately enforce any of their rights and interest in the compositions that were already litigated and that are the subject of the Judgment.

## III.   ARGUMENT

### A.   The Doctrine Of Judicial Estoppel Bars Defendants From Now Contesting Plaintiff's Interest In The Works

Defendants should be judicially estopped from arguing in this motion that Plaintiff does not have an enforceable copyright interest in the four compositions.  In Defendants' Local Rule 56.1 Statement in support of their own motion for summary judgment, Defendants affirmatively stated: "EMI is the corporate parent of three wholly-owned music publishers (EMI Blackwood Music; EMI Melograf and EMI April Music) that own or control all or part of the four musical compositions at issue…"  Greenberger Decl., Ex. 10  [Doc. 70, ¶ 1].   In Defendants' reply 56.1 Statement for their motion, they stated "It is undisputed that EMI is the corporate parent of three wholly-owned music publisher (EMI Blackwood Music; EMI Melograf and EMI April Music) that own or control all or part of the four musical compositions at issue…"  Greenberger Decl., Ex. 11  [Doc. 84, ¶ 1].

Having affirmatively stated to the Court (and Plaintiff) that Plaintiff owns or controls the works at issue, Defendants should be estopped from now claiming in this motion – inconsistent with their prior statements that necessarily were adopted by the Court in the summary judgment decision and Judgment – that Plaintiff does not have an enforceable interest in the copyrighted works.  *Intellivision v. Microsoft Corp.*, 784 F.Supp.2d 356, 363-64 (S.D.N.Y. 2011), *aff'd* 2012

WL 2086297, at *2-4 (2d Cir. June 11, 2012).  The *Intellivision* case is instructive because it applied judicial estoppel with respect to issues of Plaintiff's standing.  The District Court applied judicial estoppel to prevent plaintiffs from asserting a new, inconsistent position as to the ownership of property, "a matter that goes not to the court's jurisdiction, but to whether the plaintiffs had a cause of action."  2012 WL 2086297, at *4.  In affirming the District Court, the Second Circuit expressly stated at footnote 4 of its decision: "The use of judicial estoppel by district courts to preclude inconsistent assertions about ownership of property is routine, and has been approved by this Court".  *Id.*  Accordingly, Defendants should be estopped from taking a position on this motion that is inconsistent with their statements on the summary judgment motion that Plaintiff has an undisputed ownership interest in the copyrights.

> ### B.   <u>Rule 60(b) Does Not Provide Relief</u>

Defendants move pursuant to subparagraphs (1), (3) and (4) of Fed. R. Civ. P. 60(b).  The rule provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:   (1) mistake, inadvertence, surprise, or excusable neglect;   ***   (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;   (4) the judgment is void…

Although Rule 60(b) should be broadly construed to do "substantial justice," final judgments should not "be lightly reopened", and "[s]ince 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances."  *Nemaizer v. Baker*, 793 F.2d 58, 61-62 (2d Cir. 1986).  Here, the Judgment is final, it has been domesticated in Florida, and there has been no showing of exceptional circumstances.

"To grant relief from a final order pursuant to Rule 60(b), a court must find that (1) the circumstances of the case present grounds justifying relief and (2) the movant possesses a

meritorious claim in the first instance." *Cobos v. Adelphi University*, 179 F.R.D. 381, 385

(E.D.N.Y. 1998) (citing *Babigian v. Association of the Bar of the City of New York*, 144 F.R.D.

30, 33 (S.D.N.Y. 1992)).  As explained below, Rule 60(b) relief is not available to Defendants

because the circumstances do not present grounds justifying relief, and Defendants do not

possess a meritorious claim in the first instance (they are willful copyright infringers).

> 1.   There Was No Mistake, Inadvertence, Surprise, Or Excusable Neglect –
>       Rule 60(b)(1)

Rule 60(b)(1) authorizes the court to give relief from a judgment, order, or proceeding for

"mistake, inadvertence, surprise, or excusable neglect."  As explained by Wright & Miller:

> [R]elief will not be granted under Rule 60(b)(1) merely because a party is
> unhappy with the judgment. Instead the party must make some showing of
> why he was justified in failing to avoid mistake or inadvertence. Gross
> carelessness is not enough.  [11 Wright & Miller, Fed. Prac. & Proc. Civ.,
> § 2858 at pp. 276-278 (2d ed.)].

Defendants are "unhappy with" having a $100,000 judgment against them, but have not

made any "showing of why [Defendants were] justified in failing to avoid the mistake or

inadvertence" (*id.*) concerning Plaintiff's identity and copyright interests.  Defendants'

negligence in raising the issue prior to entry of the Judgment is "not enough."  *Id.*  The nature of

Plaintiff's interest in the four compositions is not a surprise to Defendants.  Nor was there any

mistake, inadvertence, or excusable neglect.

> a.   *The Nature Of Plaintiff's Interest Was Alleged In The Complaint*

Plaintiff filed its Complaint in 2005.  Greenberger Decl., Ex. 5.  In paragraph 2 of the

Complaint, Plaintiff claimed to "own or control all or part of the copyrighted musical

compositions at issue in this lawsuit".  In paragraph 36 of the Complaint, Plaintiff claimed that

"Plaintiffs or their predecessors in interest, where applicable, secured the exclusive rights and

privileges in and to the copyright of each composition…and received from the Register of

Copyrights a Certificate of Registration…"  Accordingly, Defendants and the Court have had notice of the basis of Plaintiff's interests in the copyrighted works since 2005.  The identity of the copyright registrant also is publicly available from the Copyright Office.

>       b.       *Plaintiff's Interest Was The Subject Of Discovery*

Schedule A to the Complaint set forth in summary form the allegations made with respect to Plaintiff's ownership of the copyright musical compositions at issue.  (Compl., ¶ 32).  In discovery, Defendants' document requests included:

- "Any and all documents setting forth, evidencing or showing that the individuals listed in column 1 of Schedule A are the owners of the copyrights in the works listed in column 2";

- "Any and all documents setting forth, evidencing or establishing Plaintiffs ownership and title to the copyrighted works listed in column 2 of Schedule A";

- "Any and all documents setting forth, evidencing or establishing Plaintiff's publishing rights to the musical compositions listed in column 2 of Schedule A";

- "Any and all documents setting forth, evidencing or tending to establish chain of title for each of the musical compositions listed in column 2 of Schedule A;" and,

- "Any and all documents setting forth, evidencing or establishing copyright documentation for each of the musical compositions listed in column 2 of Schedule A."  (Greenberger Decl., Ex. 6, at requests/responses 7, 14, 15, 17 and 18).

Documents responsive to Defendants' demands were served on or about November 27, 2005.  Greenberger Decl., Ex. 7.  Significantly, there were multiple discovery issues in this case (*see*, Docs. 26, 29, 32-36, 44, 50, 72, 88, 89), but the record does not indicate that Defendants raised any issue concerning Plaintiff's responses to the above requests or any other issue concerning Plaintiff's disclosure of its copyright interests.

>       c.       *Plaintiff's Interest Was Undisputed During Summary Judgment*

Defendants admitted that Plaintiff has a copyright interest in the works in the summary judgment motions.  *See*, Local Civil Rule 56.1(c) ("Each numbered paragraph in the statement of

material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party"); *generally*, *Ezagui v. City of N.Y.*, 726 F. Supp. 2d 275, 285 n.8 (S.D.N.Y. 2010); *Emigra Group, LLC v. Fragomen, Del Rey, Berensen & Loewy, LLP*, 612 F. Supp. 2d 330, 348 (S.D.N.Y. 2009)

Paragraph 1 of Plaintiff's Local Rule 56.1 Statement stated: "EMI is the corporate parent of three wholly-owned music publishers (EMI Blackwood Music; EMI Melograf and EMI April Music) that own or control all or part of the four musical compositions at issue…"  Greenberger Decl., Ex. 8.  In defendant Bienvenido Rodriguez's response to Plaintiff's Local Rule 56.1 Statement, he responded: "No objection to extent known…"  [Doc. 60, ¶ 1].  In the other Defendants' response to Plaintiff's Local Rule 56.1 Statement, they responded "This paragraph is not disputed."  [Doc. 65, ¶ 1].  Greenberger Decl., Ex. 9.  Thus, Plaintiff's interest was admitted, and the nature of Plaintiff's interest in the copyrighted works was squarely before the Court on the summary judgment motions.

Similar to the doctrine of judicial estoppel, *supra*, Defendants' tactical and voluntary decision to admit that Plaintiff has an enforceable interest in the four compositions should estop Defendants from seeking relief on the ground of mistake or excusable neglect.  *Nemaizer v. Baker*, 793 F.2d 58, 62 (2d Cir. 1986) ("an attorney's failure to evaluate carefully the legal consequences of a chosen course of action provides no basis for relief from a judgment"); *Dal Intern. Trading Co. v. Sword Line, Inc.*, 286 F.2d 523, 525 (2d Cir. 1961) ("a party who makes an informed choice will not be relieved of the consequences when it subsequently develops that the choice was unfortunate"); *Long v. Carberry*, 151 F.R.D. 240, 243 (S.D.N.Y. 1993) (tactical

decision or ignorance of the procedural rules did not establish excusable neglect).  Stated

succinctly by Wright & Miller:

> A defeated litigant cannot set aside a judgment because of his failure to
> interpose a defense that could have been presented at trial, or because he
> failed to present on a motion for summary judgment all of the facts known
> to him that might have been useful to the court.  Failure to seek out a
> witness, a party's failure to inform the attorney of relevant evidence, or
> reliance on an unsuccessful legal theory are considered affirmative tactical
> decisions for which relief will not be granted.  [11 Wright & Miller, Fed.
> Prac. & Proc. Civ., § 2858 at pp. 282-288 (2d ed.)].

***

Rule 60(b)(1) relief should not be granted.  In the six years that this action was pending

before entry of the Judgment, Defendants had numerous opportunities to raise issue with

Plaintiff's copyright interests.  Instead, they admitted and affirmatively pleaded the facts that

they now seek to avoid in their summary judgment motion.  *Weinreich v. Sandhaus*, 156 F.R.D.

60, 62-63 (S.D.N.Y. 1994) (Rule 60(b)(1) relief unavailable where defendant "had numerous

opportunities to discover this mistake").  Even if Defendants' former attorneys were mistaken or

neglectful or adopted a failed strategy, their conduct is imputed to Defendants notwithstanding

Defendant's retention of new counsel.  *Generally*, *Tucker v. Banknorth, NA*, 333 F. Supp. 2d 50,

55 (E.D.N.Y. 2004); *Cobos*, 179 F.R.D. at 386-87.

### 2.    There Was No Fraud, Misrepresentation Or Misconduct – Rule 60(b)(3)

Under Rule 60(b)(3), a motion will lie for relief from a judgment obtained by fraud,

misrepresentation, or other misconduct of an adverse party.  The burden of proof of fraud is on

the moving party (here, Defendants), and the fraud must be established by <u>clear</u> <u>and</u> <u>convincing</u>

<u>evidence</u>.  *Clarkson Co., Ltd. v. Shaheen*, 544 F.2d 624, 631 (2d Cir. 1976); *Gonzalez v. Gannett*

*Satellite Information Network, Inc.*, 903 F. Supp. 329, 332 (N.D.N.Y. 1995).  Further, the fraud

must have prevented the moving party from fully and fairly presenting his case.  The motion will

be denied if it is merely an attempt to re-litigate the case or if the court otherwise concludes that fraud or misrepresentation has not been established by clear and convincing evidence.  11 Wright & Miller, Fed. Prac. & Proc. Civ., § 2860 at pp. 312-15 (2d ed.).  In this case, Defendants have not met their burden of proof by any evidence, let alone clear and convincing evidence.

The nature of Plaintiff's copyright interest was disclosed to Defendants in 2005 in the Complaint.  Greenberger Decl., Ex. 5.  There was discovery on the topic.  *Id.*, Exs. 6-7.  And, it was expressly undisputed on the summary judgment motions by all parties.  *Id.*, Exs. 8-12.  Plaintiff did not do anything to prevent Defendants from fully and fairly presenting their case.  The identity of the copyright registrant is publicly available, and Defendants were free to conduct (non-party) discovery on the subject.  There was no misrepresentation, misconduct or fraud.

### 3. The Judgment Is Not Void – Rule 60(b)(4)

Rule 60(b)(4) authorizes relief from void judgments.  *Generally*, 11 Wright & Miller, Fed. Prac. & Proc. Civ., § 2862 (2d ed.).  "[A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final", but "a judgment is not void, for example, simply because it is or may have been erroneous".  *United Student Aid Funds, Inc. v. Espinosa*, 130 S. Ct. 1367, 1377 (2010).  Thus, even assuming, *arguendo*, that the Judgment is erroneous because Plaintiff is not the proper judgment creditor, the Judgment is not void simply because it is erroneous.

As explained by the Supreme Court, "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard."  *Id.*  In this motion, there is no due process claim, but Defendants do claim there is a jurisdictional issue due to Plaintiff not being the copyright claimant.

938768   008603.0117                                   10

"Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only for the <u>exceptional</u> case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction." *Id.* (citing *Nemaizer*, 793 F.2d at 65; emphasis added). This is not such an exceptional case because there is (and always was) an arguable basis for the Court's jurisdiction

   a.   *The Court Has Original Jurisdiction Over Copyright Cases*

First, the Court has original jurisdiction over this action because it is a federal question case arising under the Title 17 of the United States Code, i.e., the federal Copyright Act. 28 U.S.C. § 1331. Additionally, "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks." 28 U.S.C. § 1338(a).[4]

   b.   *The Court Is Not Divested Of Jurisdiction If Plaintiff Is Not A Proper Party*

Second, the Court is not divested of jurisdiction even if Plaintiff is not the proper party. *EW v. New York Blood Center*, 213 F.R.D. 108, 109 (E.D.N.Y. 2003). Neither Rule 17 (prosecution by real party in interest) nor Rule 19 (joinder) of the Federal Rules of Civil Procedure address federal court subject matter jurisdiction. *Lincoln Property Co. v. Roche*, 546 U.S. 81, 90, 126 S. Ct. 606, 613-14 (2005); *Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 194-95 (2d Cir. 2003). As explained above there is federal question jurisdiction, and indeed, the Second Circuit has held that a pre-judgment finding of jurisdiction need not even be correct so long as it is reasonable. *Namaizer*, 793 F.2d at 65.

---

[4]      Diversity jurisdiction also exists because the amount in dispute exceeds $75,000 and, upon information and belief, there is and was complete diversity. 28 U.S.C. § 1332. Upon information and belief, Defendants are Florida residents (explaining why the Judgment was domesticated in Florida).

The discussion in Plaintiff's supplemental submission concerning the standing of a corporate parent and addition of the subsidiary as a party is a side-show.  Defendants cite no authority supporting an argument that a judgment is void and/or the Court lacks jurisdiction in a copyright action where an entity that owns or controls the copyright but is not the registered copyright claimant is the named plaintiff.  Notably, Defendants also failed to assert lack of standing as an affirmative defense in their answer.

> c.   *Rule 17(a)(3) Provides Less Drastic Remedies Than Vacating The Judgment, And Here The Claimants Ratify Plaintiff's Acts*

Should the Court determine that Plaintiff is not the proper judgment creditor, Rule 17 of the Federal Rules of Civil Procedure provides less drastic remedies than vacating the Judgment or dismissing Plaintiff's claims, to wit: ratification, joinder or substitution.  Fed. R. Civ. P. 17(a)(3).  The rule further provides that "[a]fter ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest."  *Id.*

Thus, one solution may be to join the copyright claimants to the Judgment as judgment-creditors with Plaintiff (the identity of the plaintiff does not change the fact that Defendants are willful copyright infringers, as found by the Court).  It is not too late: Rule 21 of the Federal Rules of Civil Procedure expressly states that "On motion or on its own, the court may <u>at any time</u>, on just terms, add or drop a party."  (Emphasis added).[5]  This is not, however, the only solution or the one Plaintiff prefers.

---

[5]    Defendants' cite *In re Neurontin Marketing and Sales Practices Litigation*, 810 F. Supp. 2d 366 (D. Mass. 2011) in their supplemental submission, but this case actually supports Plaintiff (not Defendants) because that court joined subsidiaries to the action post-trial and post-judgment. The court found that allowing joinder of subsidiaries did not deprive defendants the opportunity to present different defenses or submit different evidence at trial, the total amount of restitution had already been determined, and there would be no further potential exposure for manufacturers.  *Id.* at 370-373.  Similarly here, Defendants have not identified any defenses or evidence that they would have presented differently, and the Court already found that Defendants are willful copyright infringements and awarded $100,000 in statutory damages.

The Judgment (and identity of the judgment creditor) may remain unchanged – as Plaintiff prefers – because **Plaintiff's actions have been ratified by the copyright claimants**. *Wells Fargo Northwest Bank, Nat'l. Ass'n. v. Varig-S.A.*, 2003 WL 21508341, at *3 (S.D.N.Y. June 27, 2003) ("Accordingly, even if plaintiffs were not the real parties in interest, their actions have been ratified, and thus the suit may proceed in its present posture"); *Motta v Resource Shipping & Enterprises Co.*, 499 F. Supp. 1365, 1369 (S.D.N.Y. 1980) (fact that suit was initially brought by wrong party does not preclude ratification under real party in interest rule; letter or document that ratifies commencement and continuation of an action may be sufficient to cure any real party in interest defects in the suit).

In the declarations submitted herewith (*see* fn. 2, *supra*), the copyright claimants ratify Plaintiff's acts in relation to the lawsuit and the judgment thereby curing any issue whether Plaintiff is the real party in interest.  Fed. R. Civ. P. 17(a)(3).  Moreover, the declarations confirm that Plaintiff was and is authorized to act on the claimant's behalf in relation to this lawsuit and the Judgment.  And, to the extent Defendants had a legitimate fear of facing claims from the copyright claimants for the same conduct that was the subject of this litigation, the copyright claimants state that they will not separately enforce any of their rights and interest in the compositions that were already litigated and that are the subject of the Judgment.

    4.    <u>The Motion Is Untimely – Rule 60(c)</u>

In addition to the substantive reasons why Rule 60(b) relief is not available to Defendants, *supra*, the Court should deny the motion as untimely.  Subparagraph (c) of Rule 60 requires a motion under Rule 60(b)(1) and (3) to "be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment..."

Here, Defendants did not move "within a reasonable time".  Although Defendants' motion was made (just barely) within the one year period, motions for relief from a judgment

that are filed within the one-year limitation may still be barred under the reasonable time limitation, depending on relevant circumstances.  *Schildhaus v. Moe*, 335 F.2d 529, 531 (2d Cir. 1964) (motion made more than eight months after the entry of judgment was not within a reasonable time); *Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 906 (6th Cir. 2006) (eleven months was unreasonable); *Sorbo v. United Parcel Service*, 432 F.3d 1169, 1178 (10th Cir 2005).

Defendants have known the basis upon which Plaintiff asserted its copyright interests since the Complaint was filed in 2005.  Greenberger Decl., Ex. 5.  Moreover, the identity of the copyright claimant is publically available information from the Copyright Office.  Greenberger Decl., Ex. 3.  If Plaintiff's copyright interests were truly an issue for Defendants (rather than merely an attempt to avoid a $100,000 judgment), then they should have made a motion during the litigation, and at the very least, should have contested (rather than affirmatively pleaded) the fact during summary judgment.  Instead, Defendants did not contest Plaintiff's copyright interests during the motions for summary judgment, and waited eleven months after entry of the Judgment and after Plaintiff incurred additional costs to domesticate the Judgment in Florida and undertook other efforts to enforce the Judgment.

The only new fact is that Defendants obtained new counsel who reviewed the case with a new perspective, and a new judge was assigned to the case.  These are not adequate grounds for waiting eleven months from entry of the judgment to make the motion.  *See*, *Limon v. Double Eagle Marine, L.L.C.*, 771 F. Supp. 2d 672, 678 (S.D. Tex. 2011) (four month delay in bringing motion for relief from judgment based on newly discovered evidence, mistake, inadvertence, surprise, excusable neglect, and catchall provision of federal rule was unreasonable, following summary judgment even though motion was filed within federal rule's one-year deadline; the deadline was an extreme limit after which relief could not be obtained, and there was absolutely

no justification for failure to file as soon as evidence was discovered); *Christian v. All Persons Claiming any Right, Title, or Interest in all Properties Known and Described*, 962 F. Supp. 676, 680 (D. Virgin Islands 1997) (defendant was not entitled to relief from consent judgment, after almost one year, on grounds of which the parties were aware throughout the litigation process).[6]

Lastly, to the extent Defendants' motion is considered a motion to amend the Judgment under Rule 59 of the Federal Rules of Civil Procedure, the motion is untimely. Rule 59(e) provides that such a motion "must be filed no later than 28 days after the entry of the judgment." Defendants did not file the instant motion until almost one year after entry of the Judgment.

### C.  Even If Defendants Had Rule 60(b) Grounds, They Lack A Meritorious Claim

Even if the Court were to find that Defendants have shown that their motion "is encompassed by the grounds enumerated in Rule 60(b), they must still show that they possess a meritorious claim before they can prevail". *Alvarado v. Manhattan Worker Career Center*, 2003 WL 22462032, at *3 (S.D.N.Y. Oct. 30, 2003). Simply put, Defendants can not do so. In granting Plaintiff's motion for summary judgment, the Court found that Defendants willfully infringed the copyrights in the four compositions. Defendants have no meritorious claim.

### D.  Defendants Are Not Entitled To A Stay Without A Bond, Which They Have Not Posted

Defendants seek a stay of enforcement of the Judgment pending disposition of this motion, but the application should be denied because Defendants have not posted any "security". Fed. R. Civ. P. 62(b)(4). If Defendants want a stay of execution of the Judgment pending

---

[6]     Although counsel for the parties discussed the issue prior to the motion, Defendants offer no authority that such effort constitutes a reasonable justification for delay, especially in light of the fact that, *inter alia*, Defendants have known the basis upon which Plaintiff claims an interest since the Complaint was filed in 2005 and there was discovery on the issue (even if it is no longer in prior counsel's file).

disposition of their Rule 60, they should post a bond.  They have not done so.  Nor have Defendants demonstrated that it is impossible or impractical for them to post security.  *See*, *Frankel v. ICD Holdings S.A.*, 168 F.R.D. 19, 22 (S.D.N.Y. 1996); *Int'l Wood Processors v. Power Dry, Inc.*, 102 F.R.D. 212, 214 (S.D.N.Y. 1984).  Notably, Defendants also have appealed the summary judgment decision, and similarly failed to post an appeal bond.  The appeal is stayed pending resolution by this Court of Plaintiff's motion for attorney's fees.

## IV.   <u>CONCLUSION</u>

Based on the foregoing, Defendants' motion should be denied and the Judgment should not be vacated.  Additionally, the Court should permit Plaintiff to make a supplemental submission on its pending motion for attorney's fees to add Plaintiff's attorney's fees related to opposing this motion.

Dated: September 27, 2012
       New York, New York

                          MOSES & SINGER LLP
                          *Attorneys for Plaintiff*

                           _/s/ Jordan Greenberger_____
                          Jordan Greenberger, Esq.
                          The Chrysler Building
                          405 Lexington Avenue
                          New York, New York 10174-1299
                          Tel: 212-554-7800 Fax: 212-554-7700
                          jgreenberger@mosessinger.com