UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

EMI ENTERTAINMENT WORLD, INC.

                      Plaintiff,                            Civ. No. 05 -CV-00390

-against-

1. KAREN RECORDS, INC.
2. KAREN PUBLISHING, INC.
3. BIENVENIDO RODRIGUEZ
4. ISABEL RODRIGUEZ
5. FIDEL HERNANDEZ
                      Defendants.
------------------------------------------------------------------X

## DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO SET ASIDE JUDGMENT UNDER Fed. R. Civ. P 60(b) and FOR AN ORDER ENJOINING ENFORCEMENT OF THE JUDGMENT

      Defendants Karen Records, Inc, Karen Publishing, Inc., Bienvenido Rodriguez and Isabel Rodriguez ("Defendants") respectfully submit this Reply Memorandum of Law in further support of their motion for an order pursuant to Fed. R. Civ. P. 60(b)(1), (3) and (4) setting aside the judgment entered in this matter on August 31st, 2012, for an order dismissing this action for lack of jurisdiction, and for an order pursuant to Fed. R. Civ. P. 62(b) staying enforcement of the judgment pending disposition of this motion, and for such other relief as is just.

1.       None of the claims made in Plaintiff's opposition to Defendants' motion suggest that they actually have an ownership interest in the copyrights at issue or that they suffered any direct harm as a result of the alleged infringement. As argued in Defendants' moving papers and their supplementary submission, the consequence is that Plaintiff does

not have standing to pursue this claim, and this court lacks Article III jurisdiction to hear it. The fact that this motion is made at this post judgment stage does nothing to change the necessary result: a setting aside of the judgment and dismissal of the claim.

Rule 56.1 Statement- Judicial Estoppel

2. Plaintiff relies heavily on the fact that in its Rule 56.1 Statement it claimed to be "the corporate parent of three wholly owned music publishers (EMI Blackwood Music, EMI Melograf, and EMI April Music) who own or control all or part of the four musical compositions at issue" and Defendant Bienvenido Rodriguez responded in his Rule 56.1 Statement, "No objection to extent known" and the other Defendants wrote in theirs' "This paragraph is not disputed". Plaintiff claims on the basis of these Rule 56.1 Statements Defendants are now judicially estopped from suggesting that Plaintiff does not have an enforceable interest in the copyrighted works.

3. The Rule 56.1 Statements do not support a finding that Plaintiff has standing for several reasons:

*No Estoppel- The Court is Mandated to Look Beyond the Rule 56.1 Statements*

4. It is the court's responsibility to look beyond the Rule 56.1 Statements and to consider all admissible evidence placed before it in the record. If there is any evidence in the record that could reasonably support a jury's verdict for the nonmoving party, summary judgment must be denied (*Am. Home Assurance Co. v Hapag Lloyd Container Linie, GmbH,* 446 F.3d 313, 315–16 (2d Cir.2006)). The Second Circuit has emphasized that district courts " 'in considering a motion for summary judgment, must review the motion, even if unopposed, and determine from what it has before it whether the moving

party is entitled to summary judgment as a matter of law.' " (*S.E.C. v. Watermark Financial Services Group, Inc.* Slip Copy, 2012 WL 501450 W.D.N.Y.,2012.) The court is not bound by what a party puts in its Rule 56.1 Statement "but may conduct an assiduous review of the record" (*Monahan v. New York City Dep't of Corrections* 214 F. 3d 275, 292 2d Cir, 2000). Moreover, Rule 56.1(d) provides that "each statement of material fact by a movant or opponent must be followed by citation to evidence which would be admissible".

5. Plaintiff's Rule 56.1 Statement refers to the "Badavas declaration" which has annexed as exhibits the copyright notices. The copyright notices, however, clearly contradict the content of Plaintiff's Rule 56.1 Statement. Neither EMI Blackwood Music nor EMI April Music has any ownership interest in the copyrights whatsoever.[1] The Rule 56.1 Statement can be factually true with regard to at most only one of the four copyrights. In light of the record evidence that clearly contradicts the content of Plaintiff's Rule 56.1 Statement, the court ought not to have accepted Plaintiff's defective statement as dispositive on such a fundamental jurisdictional issue regarding at least three of the four claimed causes of action for infringement.

6. In addition, Plaintiff's Rule 56.1 Statement does *not* claim that Plaintiff itself has an interest in the copyrights. Rather it claims that Plaintiff's subsidiaries own the copyrights. As explained in Defendants' supplementary submission in support of this motion, being a shareholder of an injured party is not sufficient to give standing to the shareholder in a copyright infringement case. Therefore, even if the Rule 56.1 Statement

---

[1] While EMI Melograf apparently owns one of the four copyrights, Plaintiff's most recent submission (a declaration of EMI Melograf, Document 135 in the record) declares that Plaintiff is "a shareholder" in EMI Melograf- suggesting it is not the only shareholder or even the controlling shareholder.

were accepted as true (despite the glaring contradictions of the record evidence) the "facts" stated therein would still not give rise to Article III standing.

7. In addition, the doctrine of judicial estoppel is "an equitable doctrine invoked by a court at its discretion" (*New Hampshire v. Maine* 532 U.S. 742 (2001)). The circumstances in which the doctrine applies are not well defined, but one of the central considerations is whether a party would gain an unfair advantage to the detriment of the other party if not estopped from asserting a position contradictory to one he earlier took. The doctrine is applied with special care where subject matter jurisdiction is put at issue as a result. A party will not be precluded from challenging facts used to establish subject matter jurisdiction (*Intellivision et al. v. Microsoft Corp.*, Case No. 11-1657 (2nd Cir., June 11, 2012) citing also *Cf. Creaciones Con Idea, S.A. v. Mashreqbank PSC,* 232 F.3d 79, 82 (2d Cir. 2000) ("The defendant's assertions about its corporate citizenship in unrelated cases therefore could not preclude either the defendant from arguing, or the district court from concluding, that diversity jurisdiction was absent in this case.").

8. Plaintiff, who has made false representations (unwittingly or not) regarding its purported ownership of the copyrights and its relationship to the true owners of the copyrights, even while having had complete access to the true state of facts, will not suffer unfair detriment as a result of allowing Defendants to point out that they do not in fact have a direct interest in the copyrights, even though this leads to vacatur of the judgment. On the other hand, using the doctrine of judicial estoppel to leave defendants liable to Plaintiff who has no ownership interest in the copyrights at issue and who provides no explanation even now as to what direct injury he has suffered by the alleged infringement would be an injustice. In addition, unlike the *Intellivision* case the estoppel

Plaintiff seeks to impose on Defendants here is based on a Rule 56.1 Statement, an unsworn- and in the case of Defendant Bienvenido Rodriguez equivocal- list of responses to assertions made by Plaintiff itself. In *Intellivision* the Plaintiffs were found to be bound by positions they themselves crafted and chose consistently in pleadings, in amended pleadings and in opposition to motions to dismiss, and on which the court relied in denying Defendant Microsoft's motion to dismiss. While it might have been equitable to apply the doctrine to Plaintiff in *Intellivision*, it would be inequitable to apply it against Defendants here.

Rule 60(b)

9.  The bases of Defendants' motion submitted under Rule 60(b) (1), (3) and (4) are described in their moving papers and supplementary submission. Plaintiff misapprehends or willfully ignores certain important aspects of Defendants' arguments, not all of which are repeated here.

*Rule 60(b)(1)- "Mistake"*

10. Plaintiff suggests that Defendants' mistake regarding Plaintiff's standing is not a basis for setting aside the judgment. However, "mistake" encompasses situations such as where a party alleges a mistake of fact or law by the court in reaching its decision (*Pasquino v. Lev Parkview Developers, LLC*, Not Reported in F.Supp.2d, 2011 WL 4502205 (S.D.N.Y.)). The "mistake" in this case was one of assuming jurisdiction, and it was made by the court itself. Though this issue was admittedly not raised by the parties at an earlier stage of the proceeding, it is one that the court is mandated to raise sua sponte "even if the parties fail to raise the issue" *(United States v. Hays* 515 U.S. 737 (1995)).

The fact that prior counsel failed to raise this issue at an earlier stage does not eliminate the very serious defect in the proceeding, namely that the court lacked jurisdiction to hear the case.

11. The basis of this motion is not Defendants' "unhappiness" with the court's decision (after all, the Defendants had no prospect of gain no matter what the outcome) it is the result of Plaintiff's lack of standing and the fact that the proceeding should not have been heard in the first place.

*Rule 60(b)(3)- Misrepresentation*

12. As noted above Plaintiff plainly made assertions of fact in its Rule 56.1 statement which were false. Misrepresentation does not require an intention to defraud. Had Plaintiff plainly stated that it did not own or control the actual copyright holders as wholly owned subsidiaries, but was merely a shareholder in *some* of them, the court would not have heard the claim.[2] The misrepresentation was consequential.

*Fed. R. Civ. P. 60(b)(4)- The judgment is void*

13. Plaintiff ignores the jurisdictional argument boldly placed in the center of Defendants' motion to set aside the judgment. Plaintiff's lack of standing is a jurisdictional flaw that necessitates dismissal of the action. Plaintiff has no direct interest in any of the copyrights, and did not suffer (or even claim to suffer) any direct harm to

---

[2] Plaintiff is only "a shareholder" (indicating there are others) in Edicioes Musicaies Tapajos, which itself owns only 50% of the copyright in "Cuando Acaba El Placer", strongly suggesting it does not even indirectly have a controlling interest in the copyright (Document 137); Plaintiff does not apparently have any ownership of Ego Musical (Document 136) or the copyright "Corazon Partio"; Plaintiff does not apparently have any ownership or other interest in Ediciones Musicales Hispanas or "La Colegiala" or even authority to act on its behalf (even if *arguendo* that is a substitute for a direct interest in the subject matter) as it provided no support for its contention that it does; Plaintiff is only "a shareholder" in EMI Melograf and so at most has some undefined indirect interest in the copyright "Fuiste Mia Un Verano". None of these relationships are sufficient to establish Article III standing.

endow it with standing. Defendants' moving papers and supplementary submission argue this explicitly and at length. Plaintiff's submission in opposition, which emphasizes the tenuous nature of the relationship between the Plaintiff and the copyrights at issue, only strengthens Defendants' arguments.

Plaintiff's Proposed Remedy- FRCP 17

14. Plaintiff now seeks to remedy the defects in its action under FRCP 17, by joining the actual copyright owners as additional plaintiffs, or to rely on the ex post facto ratification purportedly provided by *some* of the copyright holders.

15. Defendant opposes this proposed solution for several reasons. FRCP 17 establishes several criteria which must be met before a joinder of a "real party in interest" may be allowed.

16. The first of these is that the joinder must be made *within a reasonable time* after an objection is raised. In addition to the reasonable time requirement, the party seeking to make the joinder must have had *a reasonable basis for naming the wrong party* (See *Isbell v. DM Records Inc.*, 590 F. Supp. 2d 871). The mistake must be understandable.

17. As stated in the Saltzman affidavit (document 129) in March 2012 Defendants' counsel drew Plaintiff's attention to the apparent disparity between the identity of the actual owners of the copyrights, and the Plaintiff who appeared to have no interest in them. Plaintiff's counsel directed Defendants' counsel to various sources which would supposedly confirm the actual ownership interest of the Plaintiff in the copyrighted works, but Defendants' counsel found no satisfactory answers there. This search and communication with Plaintiff's counsel happened in several stages and consumed several months. While Defendant's counsel sought to avoid the need for motion practice if none

was warranted and clarify a state of facts which he assumed would be within the knowledge of Plaintiff's counsel (who had been representing Plaintiff in this matter for 7 years) Plaintiff's counsel allowed time to go by without remedying a situation which he should, in fact, have been well aware of- namely that the real parties in interest were not named in this lawsuit. Ten months have gone by since that initial inquiry and there is still no motion to join the real parties in interest. Plaintiff has not met the "reasonable time" standard of Rule 17 for joinder or ratification

18. Moreover, as Plaintiff points out in his opposition papers, the identity of the real party in interest has been known to Plaintiff since he initiated this lawsuit. The identities of the actual parties in interest are apparent on the face of the copyright papers Plaintiff provided to the court. Additionally, Plaintiff's lack of any direct interest in the copyrights or of any direct injury have been known to Plaintiff all along. On the otherhand, while Plaintiff surely knew of its own status, Defendants have faced the prospect of duplicative liability throughout this litigation - liability both in connection with the present lawsuit and in connection with others which might have been instituted by the real parties in interest. Plaintiff's continued prosecution of the lawsuit in its own name over the nearly 8 years it has dragged on was unreasonable and Plaintiff has offered no explanation for its delay or for the inaccurate representation it made in its Rule 56.1 Statement and elsewhere. The request to retroactively cure its lack of standing now in the manner proposed and with no consequence should be denied.

<u>Defendants' Motion is Timely</u>

20. Any delay in bringing this motion was, as indicated, a result of Defendants' counsel's efforts to resolve the matter without the need for motion practice if possible.

Defendant's counsel brought this matter to the attention of Plaintiff's counsel when he discovered it in March of 2012. However, the directions received by Defendant's counsel from Plaintiff's counsel, who first directed him to prior filings, and then directed him to prior counsel's discovery and then directed him to wait while he himself would gather files from overseas (see Saltzman affidavit Document 129) caused even further delays, and all this without any discovery being located, and without Plaintiff's counsel producing documentation from overseas or from anyplace else. It would be inequitable to penalize defendants where delays were caused in large part by the actions of Plaintiff. Moreover, jurisdictional issues lie at the core of this motion (and arise in the context of all the Rule 60(b) subsections referred to). These issues are fundamental to the court's role, could be brought up for the first time even on appeal, and should not go unheard because of the suggestion that they are untimely.

Meritorious Claim

21. Defendants' motion is predicated on the suggestion that the judgment is void for want of jurisdiction. Lack of jurisdiction is a meritorious defense. Had the real parties in interest been joined from the beginning of the case, it is possible that additional unadjudicated meritorious defenses would have become available and known through discovery and otherwise. In addition Defendants have viable appeal issues including the court's mistaken characterization of publications that preceded the cancellation of Defendants' licenses as infringements.

Staying Enforcement of the Judgment Pending Disposition of the Motion

22. Plaintiff suggests that Defendants must post a bond as a condition of staying enforcement of the judgment while the Rule 60(b) motion is pending. Plaintiff referred to

FRCP 62(b)(4) in support of this contention. However, FRCP 62(b)(4) says no such thing. FRCP 62(b)(4) only states that the court may stay the enforcement of a judgment pending disposition of a Rule 60 motion "On appropriate terms for the opposing party's security". Plaintiff notes that he has not yet collected any money on account of the judgment. Staying further enforcement without bond will not risk the security of the Plaintiff. Indeed, Plaintiff has not even made an argument that it would. On the other hand, a lack of stay will risk allowing Plaintiff to collect money to which it has absolutely no right and which it will most likely be very difficult to recoup should Defendants' motion succeed.

WHEREFORE, Defendants respectfully ask that their motion be granted in its entirety.

Dated: October 22nd, 2012
Forest Hills, New York

Respectfully Submitted,

_/S/_ Neil J. Saltzman_
Neil J. Saltzman, Esq.
Attorney for Defendants 1-4
71-01 Austin Street, Suite 203
Forest Hills, NY 11375
Tel.: (718) 696- 8165
Fax: (212) 658- 9724
e-mail: neilsaltzman@live.com