USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-10-13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X

EMI ENTERTAINMENT WORLD, INC.,

        Plaintiff,

    -against-

KAREN RECORDS, INC., KAREN
PUBLISHING INC., BIENVENIDO
RODRIGUEZ, ISABEL RODRIGUEZ and
FIDEL HERNANDEZ,

        Defendants.

------------------------------------- X

05 Civ. 390 (LAP)

MEMORANDUM & ORDER

LORETTA A. PRESKA, Chief United States District Judge:

    Plaintiff, after being granted partial summary judgment [dkt. no. 90] in the above-referenced action, was awarded a $100,000 judgment in its action against Defendants for copyright infringement. (See Memorandum and Order (Holwell, J.), Aug. 31, 2011 [dkt. no. 110] ("Judgment").) Defendants move to set aside the judgment pursuant to Federal Rule of Civil Procedure 60(b)(1), (3), and (4) on the grounds that Plaintiff lacked standing to bring the lawsuit and therefore that this Court lacked jurisdiction to hear this case. For the reasons set forth herein, Defendants' motion [dkt. no. 128] is GRANTED, the judgment [dkt. no. 110] is VACATED, and the complaint is DISMISSED.

I.   BACKGROUND

The background of this action has been discussed in two opinions granting partial summary judgment and damages to Plaintiff, and familiarity with which is presumed.

Plaintiff EMI Entertainment World Inc. ("EMI" or "Plaintiff") is a music publisher that purported to own or control copyrights to four musical compositions that Defendants Karen Records, Inc. and Karen Publishing Inc.—owned by individual Defendants Isabel Rodriguez and husband Bienvenido Rodriguez—(collectively, "Defendants") used on records they released between 1999 and 2001.  (Judgment at 2.)  Beginning in 1998, EMI initiated several legal actions against Defendants for copyright infringement based on unpaid royalties for numerous compositions, including the four at issue in this action.  (Id.)  EMI filed this suit in 2005.  Following discovery in 2008, parties filed cross-motions for summary judgment.  (Id. at 3.)  In March 2009, the Court granted summary judgment to EMI with respect to certain of its claims, specifically that EMI had terminated Defendants' compulsory licenses to certain of the compositions, and that the Defendants never obtained a license to the remaining composition.  (Id. at 3.)  In 2011, the Court found willful copyright infringement, and granted Plaintiffs a $100,000 judgment.

Defendants filed this motion to set aside the judgment on August 15, 2012.  (See Memorandum of Law in Support of Defendants' Motion to Set Aside Judgment [dkt. no. 130] ("Def. Memo").)  Defendants move to set aside the judgment on the grounds that newly discovered evidence shows that Plaintiff has no direct ownership interest in the copyrights over which it has sued because those rights are owned by subsidiaries of the Plaintiff who were never joined to the action.  (Def. Memo at 1.)  Thus, Defendants argue, Plaintiffs lacked standing to bring the action.  (Id.)  Defendants move to vacate the judgment pursuant to Federal Rule of Civil Procedure 60(b)(1), (3), and (4).

    II. DISCUSSION

        a.    Legal Standard

Under Rule 60(b), a district court may relieve a party from a final judgment or order for, among others, the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud (whether intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; or, (4) the judgment is void.  "Motions under Rule 60(b) are addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances."  Mendell ex rel. Viacom, Inc. v. Gollust, 909 F.2d 724, 731 (2d

3

Cir. 1990) (citing Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986)).

Rule 60(b)(1) "permits a district court to grant relief from a judgment based on 'mistake, inadvertence, surprise, or excusable neglect.'"  Johnson v. Univ. of Rochester Med. Ctr., 642 F.3d 121, 125 (2d Cir. 2011) (quoting Fed. R. Civ. P. 60(b)(1)).  The Court of Appeals has interpreted "mistake" to include both errors of a party or his representatives, see In re Emergency Beacon Corp., 666 F.2d 754, 759 (2d Cir. 1981), and mistakes of law or fact made by the district court, see In re 310 Assocs., 346 F.3d 31, 35 (2d Cir. 2003).

Rule 60(b)(4) provides that the court may vacate a judgment if "the judgment is void."  Fed. R. Civ. P. 60(b)(4).  A judgment is not void within the meaning of Rule 60(b)(4) merely because it is erroneous.  In re Texlon Corp., 596 F.2d 1092, 1099 (2d Cir. 1979) (citing 11 Wright & Miller, Federal Practice and Procedures § 2862, at 198 (1973)).  A judgment is void "only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law."  Grace v. Bank Leumi Trust Co. of N.Y., 443 F.3d 180, 193 (2d Cir. 2006) (quoting Texlon, 596 F.2d at 1099).

4

"Finally, even where a movant can demonstrate that one of the enumerated grounds in Rule 60(b) applies, in order to prevail the movant must still demonstrate a strong case that the movant has a meritorious claim." United States v. Billini, No. 99 Cr. 156, 2006 WL 3457834, at *2 (S.D.N.Y. Nov. 22, 2006) (citing United States v. Cirami, 563 F.2d 26, 35 (2d Cir. 1977)); accord Snyman v. W.A. Baum Co., Inc., 360 F. App'x 251, 254 (2d Cir. 2010) ("[T]he district court may properly consider the merits of the underlying action in determining whether to grant a motion pursuant to Rule 60(b).").

    b.   Analysis

A claim that a party lacks standing to bring suit is an attack on a court's subject matter jurisdiction over that party. Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541–42 (1986). Standing is not subject to waiver, and the court is obligated to address standing even in the absence of the issue being raised by the parties themselves. United States v. Hays, 515 U.S. 737, 742 (1995). Lack of standing of the party bringing suit would result in a lack of jurisdiction of the Court to hear the matter and would require a dismissal of the action. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992); Abortion Rights Mobilization, Inc. v. Baker, 885 F.2d 1020, 1023 (2d Cir. 1989). Plaintiff's standing and ownership

interests in the copyrights at issue were never challenged or analyzed by the court. (Def. Memo at 3.) Thus, this issue is ripe for review pursuant to a Rule 60 motion for reconsideration. See In re Bulk Oil (USA) Inc., No. 93 Civ. 4492, 4494, 2007 WL 1121739, at *10 (S.D.N.Y. Apr. 11, 2007).

Plaintiff does not dispute that it does not have, and has never had, direct ownership of any of the copyrights at issue in this lawsuit but argues that the rights at issue are owned by "wholly-owned" subsidiaries of Plaintiff or entities on behalf of which Plaintiff was authorized to act. (See Letter from Neil J. Saltzman, Esq., Sept. 7, 2012 [dkt. no. 132] ("Def. Supp. Memo"), at 1; Plaintiff's Memorandum in Opposition to Defendant's Motion, Sept. 27, 2012 [dkt. no. 133] ("Pl. Opp."), at 3.) Copyright certification notices provided by Plaintiff demonstrate that Plaintiff is not the named owner of the copyrights. (Decl. of Jordan Greenberger in Opposition to Motion to Set Aside and Stay Enforcement of Judgment, Sept. 27, 2012 [dkt. no. 143], at Ex. 3.) Plaintiff has also not attempted to join the subsidiaries that do hold the rights to the compositions at issue as real parties in interest pursuant to Fed. R. Civ. P. 17 until this time. (Def. Supp. Memo at 1.)

There is support from decisions in this circuit for the holding that a parent company lacks standing to bring claims on

6

behalf of its subsidiary.  See, e.g., Feinberg v. Katz, No. 99 Civ. 45, 2002 WL 1751135, at *6 (S.D.N.Y. July 26, 2002); Diesel Sys., Ltd. v. Yip Shing Diesel Eng'g Co., Ltd., 861 F. Supp. 179, 181 (E.D.N.Y. 1994); Bross Utils. Serv. Corp. v. Aboubshait, 618 F. Supp. 1442, 1445 (S.D.N.Y. 1985).  This conclusion follows from the principle that "a parent corporation cannot create a subsidiary and then ignore its separate corporate existence whenever it would be advantageous to the parent."  Feinberg, 2002 WL 1751135 at *6 (quoting Pa. Eng'g Corp. v. Islip Res. Recovery Agency, 710 F. Supp. 456, 465 (E.D.N.Y. 1989)).  Plaintiffs do not provide in their papers a citation to a case holding otherwise.  Although Plaintiff argues that it was authorized to act on the copyright claimants' behalf, (Pl. Opp. at 3), the law requires more than an assurance of authorization to confer Article III standing upon a party.

In light of the recently unearthed determination that Plaintiff lacks of standing, Rules 60(b)(1) and 60(b)(4) provide appropriate bases in this case to vacate the judgment.  The "mistake" in this case was that all parties and the Court assumed jurisdiction over Plaintiff based on Plaintiff's representations that it was the owner of the copyrights at issue.  Although Defendant could have raised this issue at an earlier stage in the proceeding, and even admitted that

Plaintiff controlled the copyrights at issue, (Pl. Opp. at 7-9, 12), standing cannot be waived by either party, and the Court has an obligation to raise the matter sua sponte.  See Mancuso v. Consol. Edison Co. of N.Y., 130 F. Supp. 2d 584, 588-89 (S.D.N.Y. 2001).  Because of this jurisdictional flaw, the judgment is void.

Further, although Plaintiff has attempted to provide ratification by the subsidiary owners of the copyrights, or to now join those subsidiaries as parties in real interest pursuant to Fed. R. Civ. P. 17, (Pl. Opp. at 12-13), Rule 17 requires that joinder to be made within a reasonable time after an objection is raised, and the party must have a reasonable basis for naming the wrong party at the outset.  See Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11, 20 (2d Cir. 1997) ("[T]he district court retains some discretion to dismiss an action where there was no semblance of any reasonable basis for the naming of an incorrect party . . . .").

Defendants state that they alerted Plaintiff to the jurisdictional defect in April 2012, only to be directed in circles to the original copyright notices and other sources over the course of several months.  (See Decl. of Neil J. Saltzman in Support of Defendants' Motion to Set Aside Judgment, Aug. 15, 2012, [dkt. no. 129], at Ex. B.)  Plaintiff's counsel, who has

8

been representing Plaintiff throughout the entire course of this litigation beginning in 2005, did not seek to remedy the situation procedurally.  Thus, the reasonable period of time for joinder of the subsidiaries has passed.  Additionally, Plaintiff has not identified a reasonable basis for failing to name the subsidiaries as plaintiffs initially.  The identities of the real parties in interest have been known to Plaintiff since the initiation of the lawsuit, as demonstrated in the copyright papers Plaintiff submitted to the court.  (See Decl. of Christos P. Badavas, Mar. 14, 2008 [dkt. no. 57], at Exs. G-J.)

Finally, as stated above, Defendant's argument that Plaintiff lacks standing is a meritorious defense, and thus satisfies the requirement of Rule 60(b) that a moving party must demonstrate a meritorious claim.  Billini, 2006 WL 3457834, at *2.

III. CONCLUSION

For the foregoing reasons, Defendants' motion [dkt. no. 128] is GRANTED, the judgment [dkt. no. 110] is VACATED, and the complaint is DISMISSED. In light of the judgment being vacated, Plaintiff's pending motion for attorney's fees [dkt. no. 114] is denied as moot.

SO ORDERED.

Dated: New York, New York
       June 10, 2013

_____
UNITED STATES DISTRICT JUDGE